TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Steve Douglas STRUVE, Appellee.

No. 13–01–230–CV.

Court of Appeals of Texas, Corpus Christi.

June 20, 2002.

Rehearing Overruled July 18, 2002.

---

Andres Cedillos, Texas Department Of
Public Safety, Asst. Director Of Hearings,

San Antonio, Kevin Michael Givens, Supervising Attorney, Alr Appeals, Texas Department Of Public Safety, Austin, for Appellant.

Robert L. Ramey, Attorney At Law, Corpus Christi, for Appellee.

BEFORE: Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

Texas Department of Public Safety (DPS) brings this appeal following a final order reversing the suspension of Steve Douglas Struve's driving privileges. By three issues, DPS generally contends the trial court erred in reversing the suspension because: (1) Struve was not entitled to the statutory warning provided under section 522.103 of the transportation code; (2) all of the elements of section 724.042 of the transportation code were proved by DPS; and (3) there is no evidence Struve was coerced or not fully informed about the consequences of refusing to submit a breath specimen.

Additionally, Struve contends by two cross-points that the trial court should have reversed the suspension because: (1) he was denied due process in the administrative hearing; and (2) there was no evidence to support the suspension order. We reverse and render.

On July 2, 2000, Struve was arrested for driving while intoxicated. Struve has a commercial driver's license, however, he was driving a personal motor vehicle at the time of his arrest. Prior to being asked for a breath specimen, Struve was given the statutory warnings as provided under section 724.015 of the Texas Transportation Code.[1] Struve refused to provide a specimen and his license was subsequently suspended by the DPS for ninety days. Struve requested a hearing to challenge the suspension. Following the hearing, the administrative law judge (ALJ) authorized the ninety-day suspension. Struve appealed the ALJ decision to the County Court of Bee County. The court reversed the ALJ's decision and lifted Struve's suspension based on evidence that Struve was not given the additional warning as provided in section 522.103 of the transportation code.[2] This appeal ensued.

## I. WARNINGS

In its first issue, DPS contends the warning found in section 522.103 applies only to drivers who are driving commercial

---

1. Section 724.015 of the transportation code provides:

 Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that:
 (1) if the person refuses to submit to the taking of the specimen, that refusal may be admissible in a subsequent prosecution;
 (2) if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for:
 (A) not less than 90 days ...
 Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1821 (amended

1997) (current version at TEX.TRANSP.CODE ANN. § 724.015 (Vernon Supp.2002)).

2. Section 522.103 of the transportation code provides:

 A peace officer requesting a person to submit a specimen ... shall warn the person that a refusal to submit a specimen will result in the person's being immediately placed out of service for 24 hours and being disqualified from driving a commercial motor vehicle for at least one year under section 522.081.
 Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1591 (amended 2001) (current version at TEX.TRANSP.CODE ANN. § 522.103(a) (Vernon Supp.2002)).

motor vehicles at the time of arrest. Because Struve was not driving a commercial motor vehicle, DPS asserts the arresting officer was not required to give the warning concerning the effect his refusal would have on his commercial driving privileges.

### A. Standard of Review

 Review of an ALJ's suspension of driving privileges is made under a substantial evidence standard. *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999). Under a substantial evidence review, the reviewing court cannot substitute its judgment for that of the ALJ and must affirm if the ALJ's decision is supported by more than a scintilla of evidence. *R.R. Comm'n of Tex. v. Torch Operating Co.,* 912 S.W.2d 790, 792 (Tex. 1995). The issue for the reviewing court is not whether the ALJ made a correct decision, but rather whether there is some reasonable basis in the record for the action taken by the ALJ. *Id.; Tex. Dep't of Pub. Safety v. Bell,* 11 S.W.3d 282, 283 (Tex.App.—San Antonio 1999, no pet.). Thus, we review the trial court's judgment under a substantial evidence review *de novo. Tex. Dep't of Pub. Safety v. Valdez,* 956 S.W.2d 767, 769 (Tex.App.—San Antonio 1997, no writ). Furthermore, matters of statutory interpretation are questions of law, over which we exercise *de novo* review. *See Tex. Dep't of Pub. Safety v. LaFleur,* 32 S.W.3d 911, 915 (Tex.App.— Texarkana 2000, no pet.); *S.W. Pub. Serv. Co./Pub. Util. Comm'n of Tex. v. Pub. Util. Comm'n of Tex.,* 962 S.W.2d 207, 212 (Tex.App.—Austin 1999, pet. denied).

### B. Discussion

 An officer must give a driving while intoxicated suspect certain statutory warn-

ings before he can request a breath specimen. *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen. Laws 1591 (amended 2001) (current version at Tex.Transp.Code Ann. § 522.103(a) (Vernon Supp.2002)); Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1821 (amended 1997) (current version at Tex.Transp.Code Ann. § 724.015 (Vernon Supp.2002)); *Tex. Dep't of Pub. Safety v. McGlaun,* 51 S.W.3d 776, 778 (Tex.App.—Fort Worth 2001, pet. denied). The warnings provide the suspect with actual, direct, and statutory consequences if the suspect refuses to provide a specimen. *McGlaun,* 51 S.W.3d at 778 (citing *Erdman v. State,* 861 S.W.2d 890, 894 (Tex.Crim.App.1993)). This ensures the suspect's refusal is voluntary. *Id.*

Struve relies on *Tex. Dep't of Pub. Safety v. Thomas,* 985 S.W.2d 567 (Tex.App.— Waco 1998, no pet.), wherein the court held police must give both warnings, as provided in sections 724.015 and 522.103, in order to warn a suspect about all of the statutory consequences of refusal to give a specimen. *See id.* at 570; *but see Tex. Dep't of Pub. Safety v. Chavez,* 981 S.W.2d 449, 452 (Tex.App.—Fort Worth 1998, no pet.) (holding section 522.103 warnings are only required to be given when a suspect is driving a commercial vehicle when stopped); *see also McGlaun,* 51 S.W.3d at 778–79 (holding that a warning under section 724.015 encompasses all motor vehicle licenses and is sufficient to provide notice that a commercial driver's license could be suspended for refusal to provide a breath specimen).[3]

 The plain reading of section 724.015(2) provides that if a person refuses

---

**3.** We note that section 522.102 has recently been amended to clarify section 522.103. *See* Tex.Transp.Code Ann. § 522.102(C) (Vernon Supp.2002). It is now clear that section 522.103 only applies to a person who is

stopped or detained while driving a commercial motor vehicle. *See id.; Tex. Dep't of Pub. Safety v. Jackson,* 76 S.W.3d 103, 106–07 (Houston [14th Dist.] 2002, no pet.).

to provide a specimen, "the person's license to *operate a motor vehicle* will be automatically suspended...." *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1821 (amended 1997) (emphasis added). Under chapter 522, a commercial motor vehicle is defined as "a *motor vehicle* or combination of motor vehicles used to transport passengers or property...." *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1579 (amended 2001) (current version at TEX.TRANSP.CODE ANN. § 522.003(5) (Vernon Supp.2002)) (emphasis added). Based on the plain language of the statutes, the warning under section 724.015 encompasses all motor vehicles, including a commercial motor vehicle. *McGlaun,* 51 S.W.3d at 778; *Chavez,* 981 S.W.2d at 453. Therefore, because Struve was given the warning under section 724.015, he had notice that his license to operate a motor vehicle, either commercial or personal, would be suspended for at least ninety days. *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1821 (amended 1997); *McGlaun,* 51 S.W.3d at 778.

Furthermore, the fact that Struve was not given the section 522.103 warning that his commercial driver's license could be suspended for up to one year is immaterial because that suspension would apply only if he was stopped while driving a commercial motor vehicle. *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995

Tex.Gen.Laws 1589 (amended 2001) (current version at TEX.TRANSP.CODE ANN. § 522.081(b)(5) (Vernon Supp.2002)).[4] Therefore, DPS was not required to give Struve the warnings set forth in section 522.103. The warnings Struve was given pursuant to section 724.015 were sufficient under the circumstances to comply with both chapters 522 and 724 of the transportation code. *McGlaun,* 51 S.W.3d at 779. Accordingly, we sustain DPS's first issue.[5]

## II. CROSS–POINT 1

### A. Due Process

◼ By his first cross-point, Struve contends the trial court should have reversed the ALJ decision because he was denied due process during the administrative hearing. Specifically, Struve argues that he was neither allowed to (1) inspect the official file in the proceeding, nor (2) call DPS's attorney as a witness. He also argues that the ALJ erred in denying his third motion for continuance.[6]

### B. Standard of Review

◼ The decision to grant a continuance rests within the sound discretion of the ALJ. 1 TEX.ADMIN.CODE § 159.11(e) (1999); *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984); *Tex. Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 496 n. 3 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Absent a clear abuse of discretion, we will not disturb an ALJ's decision to deny a

---

4. Section 522.081 provides that a person is disqualified for driving a commercial motor vehicle for one year on first conviction of "refusing to submit to a test to determine the person's alcohol concentration ... *while driving a commercial motor vehicle.*" *See* Act effective Sept. 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex.Gen.Laws 1589 (amended 2001) (current version at TEX.TRANSP.CODE ANN. § 522.081(b)(5) (Vernon Supp.2002)) (emphasis added).

5. Because of our disposition of DPS's first issue, we need not address its second and third issues. *See* TEX.R.APP.P. 47.1.

6. In accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will only consider the assertions that are supported by clear and concise arguments with appropriate citations to authorities. TEX.R.APP.P. 38.1(h). Thus, we will not address Struve's first two assertions in this cross-point.

motion for continuance. *See Crank*, 666 S.W.2d at 94; *Guerrero–Ramirez v. Tex. State Bd. of Med. Exam'rs*, 867 S.W.2d 911, 916 (Tex.App.—Austin 1993, no writ). There is no mechanical test for determining when the denial of a continuance is so arbitrary as to violate due process. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *Guerrero–Ramirez*, 867 S.W.2d at 916. Rather, the reviewing court must consider the circumstances presented to the ALJ at the time the request is denied. *See Ungar*, 376 U.S. at 589, 84 S.Ct. 841. The ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law. *Crank*, 666 S.W.2d at 94; *Tex. Dep't of Pub. Safety v. Monroe*, 983 S.W.2d 52, 56 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Guerrero–Ramirez*, 867 S.W.2d at 916.

### C. Discussion

 It appears Struve's main concern is that because his third motion for continuance was denied, Struve and his wife were not able to attend the administrative hearing. The record indicates that Struve's second motion for continuance was granted on August 29, 2000. The hearing was reset for September 26, 2000. Struve filed his third motion for continuance on September 21, 2000. In the motion, Struve stated he and his wife would be in Las Vegas on September 26, 2000.

We fail to see how the ALJ abused his discretion in denying the continuance. *See Ungar*, 376 U.S. at 589, 84 S.Ct. 841. Struve waited until five days before the date of the hearing to request a continuance. In his motion, Struve did not indicate exactly when he purchased the airline tickets for Las Vegas, but only that they were purchased prior to receiving notice of the September 26 hearing date. Further, Struve should have supplied three alternative dates for a hearing in his second motion for continuance, especially if Struve knew he would be in Las Vegas on September 26. *See* 1 Tex.Admin.Code § 159.11(e). Finally, if Struve knew he would not be able to personally appear for the hearing on September 26, he could have requested a telephone hearing so that he could still participate. *See id.* at § 159.25. In light of the totality of the circumstances and events that occurred before making the decision not to reset the hearing date, *see Guerrero–Ramirez*, 867 S.W.2d at 916, we conclude the ALJ did not abuse his discretion in denying Struve's third motion for continuance. The denial was neither arbitrary nor unreasonable, and it did not violate Struve's constitutional rights. *See United States v. Hughey*, 147 F.3d 423, 431 (5th Cir.1998). Accordingly, Struve's first cross-point is overruled.

### III. CROSS–POINT 2

 By his second cross-point, Struve contends the police officer's sworn report should not have been admitted as evidence because DPS failed to lay a proper predicate for its admissibility. Specifically, Struve argues the report should have been excluded because DPS did not establish the arresting officer as an expert in the determination of sobriety, and because the arresting officer's sworn report contains hearsay.[7]

### A. Standard of Review

 Whether to admit or exclude evidence is within the trial court's sound

---

7. Struve makes an additional assertion that the report should have been excluded because the exact location of the incident was not included in the report. However, we will not address this assertion because it is not supported by clear and concise arguments, nor with appropriate citations to authorities. *See* Tex.R.App.P. 38.1(h).

discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). On appeal, we will review a trial court's evidentiary decisions by an abuse of discretion standard. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983); *see also Cavazos v. State*, 969 S.W.2d 454, 456 (Tex.App.—Corpus Christi 1998, pet. ref'd). An administrative decision regarding the admission or exclusion of evidence is reviewed under the same standard. *See Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

### B. Expert Predicate

 Struve contends the arresting officer's report should have been excluded because the officer was not qualified as an expert under rule 702 of the Texas Rules of Evidence. *See* TEX.R.EVID. 702 (expert must be qualified by knowledge, skill, experience, training, or education).

 A police officer does not need to be an expert to express an opinion as to whether a person he observed is intoxicated. *See* TEX.R.EVID. 701; *Emerson v. State*, 880 S.W.2d 759, 763 (Tex.Crim.App. 1994); *Vaughn v. State*, 493 S.W.2d 524, 525 (Tex.Crim.App.1972). However, if the officer bases his opinion not only on observations, but also on his training and experience, then his qualifications must be established under rule 702. *See Riley v. State*, 988 S.W.2d 895, 899 (Tex.App.— Houston [14th Dist.] 1999, no pet.). In this instance, there is no indication in the officer's sworn report that his opinion of

Struve's intoxication was based on training and experience. Furthermore, unlike the horizontal gaze nystagmus test (HGN), the walk-and-turn and one-leg stand tests are not based on any novel scientific theory. In *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim.App.1994), the court of criminal appeals held that because of the scientific nature of the HGN test, a testifying officer must be qualified as an expert in both the administration and technique of the test. *Id.* at 769. However, in this instance, the ALJ did not rely on the HGN evidence in reaching its decision. The evidence relied upon by the ALJ in the sworn report was admissible because it was based on lay opinion observations. Therefore, we find the ALJ did not abuse his discretion in admitting the officer's sworn report. *See Alvarado*, 897 S.W.2d at 753.

### C. Hearsay

 Finally, Struve argues that the ALJ should not have admitted the officer's sworn report because it did not fall under the public records exception to the hearsay rule. *See* TEX.R.EVID. 803(8).[8]

After a person has been arrested and has refused to submit to a breath test, a peace officer is required to submit a written report of the refusal to the director of the Department of Public Safety. *See* TEX. TRANSP.CODE ANN. § 724.032 (Vernon 1999). In this instance, the arresting officer submitted form DIC–23, a probable cause affidavit, to the director. The affidavit contained observations and factual findings resulting from the arresting officer's inves-

---

8. Texas Rule of Evidence 803(8) provides the following as an exception to the hearsay rule:
 Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth:
 (A) the activities of the office or agency;
 (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report ...;

 (C) in civil as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;
 unless the sources of information or other circumstances indicate lack of trustworthiness.
 TEX.R.EVID. 803(8).

tigation, and nothing indicated that the sources of the information lacked trustworthiness. *See* Tex.R.Evid. 803(8)(B–C). Therefore, we find the DIC–23 form was properly admitted under the public records exception. *See Tex. Dep't of Pub. Safety v. Silva,* 988 S.W.2d 873, 876 (Tex. App.—San Antonio 1999, pet. denied); *Tex. Dep't of Pub. Safety v. Gratzer,* 982 S.W.2d 88, 90 (Tex.App.—Houston [1st Dist.] 1998, no pet.); *Tex. Dep't of Pub. Safety v. Duggin,* 962 S.W.2d 76, 80 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *see also* 1 Tex.Admin.Code § 159.23(c)(7) (1999).[9] The ALJ did not abuse his discretion in admitting the officer's sworn report. *See Alvarado,* 897 S.W.2d at 753. Struve's second cross-point is overruled.

## IV. CONCLUSION

Accordingly, we reverse the order of the county court and render judgment upholding the administrative decision.

---

**9.** The rules of procedure for administrative license suspension hearings provide:
[a]n officer's sworn report of relevant information shall be admissible as a public record. However, the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the affidavit shall not be admissible. Tex.Admin.Code § 159.23(c)(7) (1999).