NUMBER 13-04-100-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

TEXAS DEPARTMENT OF 

PUBLIC SAFETY,                                                                            Appellant,

 

                                                             v.                                

 

LEE PAUL SHELLBERG,                                                                Appellee.

 

          On
appeal from the County Court of Aransas County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum
Opinion by Justice Garza

 








The Texas Department of Public Safety (Athe Department@) appeals a judgment reversing the suspension of Lee
Paul Shellberg=s driver=s license. 
Following a hearing by the State Office of Administrative Hearings, an
administrative law judge (AALJ@) upheld the suspension of Shellberg=s license for a period of 180 days.  See Tex.
Transp. Code Ann. '' 524.012(d), 524.031 (Vernon 1999).  Shellberg appealed, and the county court
overturned the suspension.  By a single
issue, the Department contends the trial court erred in reversing the
suspension by finding there was insufficient evidence to support the
administrative decision.  We reverse the
judgment of the county court and reinstate the ALJ=s decision.

At about 10:22 p.m. on June 5, 2003, Officer
Rhiannon Ramos stopped Shellberg for failure to signal a lane change.  After observing numerous signs of
intoxication, Officer Ramos asked Shellberg to perform several field sobriety
tests.  Shellberg performed poorly on the
tests and was arrested for driving while intoxicated.  After arresting Shellberg, Officer Ramos asked
Shellberg to take a breath test, which he refused.  

The Department and appellee were each represented by
counsel at the hearing, which was held on October 14, 2003, before an ALJ.  The Department offered Officer Ramos= sworn report, which was submitted over Shellberg=s objection. 
Officer Ramos also testified. 
Shellberg did not testify, but he did offer two documents, which were
admitted without objection.  The ALJ
found the Department met its burden by proving there was reasonable suspicion
to stop for failing to signal a lane change[1]
and for failure to maintain a single lane [2]
and probable cause to arrest Shellberg for operating a motor vehicle in a
public place while intoxicated.  See Tex. Transp. Code Ann. ' 524.035(a)(1)(A), (2) (Vernon Supp. 2004-05).  Accordingly, the ALJ upheld the suspension of
Shellberg=s license.  








Shellberg appealed the ALJ=s decision to the county court, contending that
Officer Ramos lacked reasonable suspicion to stop him.  Specifically, Shellberg argued that proof of
a valid violation of section 545.060 of the transportation code requires not
only a showing of failure to maintain a single lane, but also evidence that the
movement was made unsafely.  See Tex. Transp. Code Ann. ' 545.060.  The
Department responded that although there was a safety element attendant to the
failure to maintain a single lane pursuant to section 545.060, there was no
such requirement for the need to signal a lane change as provided by section
545.104(a).  See Tex. Transp. Code Ann. '' 545.104(a), 545.060.  The county court agreed with Shellberg and
reversed the ALJ=s decision on the ground that there was insufficient
evidence to support the ALJ=s decision.[3]         








In response to the Department=s issue on appeal, Shellberg argues that the Department
has not preserved any issue for review because it did not file a motion for new
trial, a request for clarification of the court=s
order, or a request for findings of fact and conclusions of law.  However, we have found no authority to
suggest that any of these motions are a prerequisite for appealing a county
court=s reversal of an administrative decision.  In support of his contention, Shellberg cites
to Tex-Wash Enter., Inc., et al., v. Robna, Inc., 488 S.W.2d 504, 505
(Tex. App.BWaco 1972, writ ref=d
n.r.e.), but that case provides no authority for the case at bar.  It is not a case involving an appeal from an
administrative decision.  Moreover, the
administrative law judgeBnot the trial courtBis the
fact finder in an administrative hearing; therefore, a motion in the county court
for findings of fact and conclusions of law would be inappropriate.  See Madisonville Consol. Indep. Sch. Dist.
v. Tex. Employment Comm=n, 821
S.W.2d 310, 314 (Tex. App.BCorpus Christi 1991, writ denied) (holding that Awhether there is substantial evidence to support the
Commission=s decision is purely a question of law.  Therefore, even if requested, the trial court
need not and should not file findings of fact and conclusions of law following
the rendition of judgment in an administrative appeal.@). 
Accordingly, we find Shellberg=s contention without merit and hold that this case
is properly before us for review.    








Administrative‑license‑revocation
decisions are reviewed for substantial evidence.  See Tex.
Transp. Code Ann. ' 524.041 (Vernon 1999); Tex. Gov=t Code Ann. ' 2001.174 (Vernon 2000); Mireles v. Tex. Dep't of
Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999).[4]  In evaluating a decision by an administrative
court under the substantial evidence standard, a court should not substitute
its own judgment for that of the agency.  Mireles, 9 S.W.3d at 131; Tex. Health
Facilities v. Charter Medical‑Dallas, Inc., 665 S.W.2d 446, 452 (Tex.
1984).  Any quantum of evidence greater
than a scintilla is sufficient to affirm a ruling.  R.R. Comm'n of Tex. v. Torch Operating Co.,
912 S.W.2d 790, 792‑93 (Tex. 1995). 
Moreover, substantial evidence may exist where a preponderance of the
evidence militates against the administrative decision.  Mireles, 9 S.W.3d at 131; R.R. Comm'n
of Tex., 912 S.W.2d at 793.  When
reviewing the record from the administrative agency, the existence of more than
a mere scintilla of evidence turns on the question of the reasonableness of the
ALJ's decision, not the correctness of that decision.  City of El Paso v. Pub. Util. Comm'n of
Tex., 883 S.W.2d 179, 185 (Tex. 1994). 
The conclusions of the ALJ are presumed valid.  Id. 
Whether the ALJ's decision is supported by more than a mere scintilla of
evidence is a question of law.  See
Tex. Dep=t of Pub. Safety v. Butler, 110 S.W.3d 673, 675 (Tex. App.BHouston [14th Dist.] 2003, no pet.).  Thus, we review the trial court's judgment de
novo.  See Tex. Dep=t of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.BCorpus Christi 2002, pet. denied).

By a single issue, the Department contends the
county court erred in finding there was not substantial evidence to support the
administrative decision.  The Department
asserts the ALJ reasonably concluded that Shellberg violated the traffic laws
when he failed to signal for a lane change, which gave Officer Ramos reasonable
suspicion for the stop.  To uphold a
license suspension, an administrative law judge must find the Department proved
the following issues by a preponderance of the evidence at an administrative
license suspension hearing: 

(1) a law enforcement officer had reasonable
suspicion or probable cause to stop or arrest the driver; 

 

(2) the officer had probable cause to believe the
driver was operating a motor vehicle in a public place while intoxicated; 

 

(3) the officer arrested the driver and asked him to
submit to the taking of a specimen; and 

 

(4) the driver refused to submit to the taking of a
specimen on request of the officer. 

 

See Tex. Transp. Code Ann. ' 724.042 (Vernon 2004-05).  If the ALJ finds in the affirmative on each
issue, the license suspension is sustained. 
See id.








The only issue Shellberg challenges is the
reasonable suspicion or probable cause for the initial stop.  Shellberg argues that in order to properly
stop him for a violation of section 545.060, failure to maintain a single lane,
the Department had to show that his movement was unsafe.  See Tex.
Transp. Code Ann. ' 545.060. 
Shellberg did not challenge, however, Officer Ramos= authority to properly stop him for the traffic
violation of failure to signal pursuant to section 545.104(a).  See Tex.
Transp. Code Ann. ' 545.104(a). 
Thus, even if we were to agree with Shellberg that the evidence failed
to show that his driving was unsafe, the record shows, and Shellberg has not
challenged, that Officer Ramos properly stopped him for failure to signal
pursuant to section 545.104(a). See id.[5]    

A peace officer may lawfully stop a motorist who
commits a traffic violation.  See
Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992) (finding that a
traffic violation constitutes probable cause to stop); see also McVickers v.
State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993) (holding that if an
actual violation of law is observed, such as running a red light, there is
probable cause for the traffic stop).  A
peace officer may detain a motorist for the traffic violation of failure to
signal a lane change. See Howard v. State, 599 S.W.2d 597, 599 (Tex.
Crim. App. 1979) (finding sufficient probable cause to authorize the initial
stop given the failure to give a proper turn signal); see also Tasby
v. State, 111 S.W.3d 178, 184 (Tex. App.BEastland
2003, no pet.); Alonzo v. State, 67 S.W.3d 346, 355 (Tex. App.BWaco 2001, no pet.) (proceeding from parked position
against a curb into traffic without using turn signal gave officer legal
reason, probable cause, to stop).[6]








Consequently, the absence of evidence regarding the
relative safety of Shellberg=s failure to maintain a single lane is immaterial in
this case.  The evidence at the
administrative hearing established that Officer Ramos observed Shellberg=s failure to signal for a lane change.  The record reflects that Officer Ramos
observed Shellberg move from the left (inside) lane to the right (outside) lane
without signaling.  We find that
Shellberg was properly stopped for violation of section 545.104(a).  See id.  Officer Ramos=
report stated that he smelled alcohol on Shellberg=s breath and noticed that his eyes were bloodshot
and his speech was slurred.  Officer
Ramos administered field sobriety tests, concluded Shellberg was intoxicated,
and placed him under arrest.  After
arresting Shellberg, Officer Ramos asked him to take a breath test, which he refused.  Based on this evidence, we conclude that the
Department produced more than a scintilla of evidence on each of the factors
set forth in section 724.042.  See
Tex. Transp. Code Ann. ' 724.042.  We
therefore hold that the county court erred by reversing the ALJ=s ruling.   

The judgment of the county court is reversed, and
the ALJ=s decision is reinstated.

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 18th day of August, 2005.

 











[1] Tex.
Transp. Code Ann. ' 545.104(a) (Vernon 1999). 





[2] Tex.
Transp. Code Ann. ' 545.060 (Vernon 1999).





[3] The county court did not specify
which issues it believed were not proven at the administrative hearing.        





[4] Under a substantial evidence
review, the administrative decision may not be reversed unless it prejudices
the substantial rights of the appellant, and is: 

 

(A) in
violation of a constitutional or statutory provision; 

(B) in
excess of the agency=s statutory authority; 

(C) made
through unlawful procedure; 

(D) affected
by other error of law; 

(E) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole; or 

(F) arbitrary or capricious or
characterized by abuse of discretion or clearly unwarranted exercise of
discretion.  

 

See Tex.
Transp. Code Ann. ' 2001.174(2) (Vernon 2000).  





[5] We do not express an opinion as to
whether the Department showed that Shellberg=s driving was unsafe.





[6] Section 545.104(a) provides Aan operator shall use the signal .
. . to indicate an intention to turn, change lanes, or start from a parked
position.@ 
Tex. Transp. Code Ann. ' 545.104(a).  Originally, this statute read in part, Ano person shall so turn any vehicle
without giving an appropriate signal . . . in the event any other traffic may
be affected by such movement.@  Act of June 5,
1947, 50th Leg., R.S., ch. 421, ' 68, 1947 Tex. Gen. Laws 967, 979 (amended 1965, 1971,
repealed 1995) (current version at Tex.
Transp. Code Ann. ' 545.104 (Vernon 1999)).  Thus, under the former statute, a driver
could fail to signal as long as traffic conditions were safe.  See Willett v. State, 454 S.W.2d 398,
400 (Tex. Crim. App. 1970).  However, the
amendment in 1971, which was codified into our current law in 1995, omitted the
language concerning the effect of a turn on other traffic.  See Tex.
Transp. Code Ann. ' 545.104(a); see also Praska
v. State, 557 S.W.2d 83, 85 (Tex. Crim. App. 1977) (holding that, contrary
to the old provision, either signal lights or hand and arm signals are required
regardless of other traffic); Beck v. State, 547 S.W.2d 266, 267 (Tex.
Crim. App. 1976) (finding Ait thus appears that turn signals are now mandatory,
regardless of the traffic conditions at the time of the turn@).