

# NUMBER 13-08-00515-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALAN VERN CROCKER, INDIVIDUALLY
AND AS THE TRUSTEE OF THE ESTATE
OF RAY DALE CROCKER, TRAVIS VANCE
CROCKER, SANDRA CROCKER MOSBY,
AND GEORGE KIM CROCKER,                                    Appellants,

v.

EXXON MOBIL CORPORATION D/B/A
EXXONMOBIL PRODUCTION COMPANY
AND LEE M. BASS, INC.,                                    Appellees.

## On appeal from the 105th District Court of Kenedy County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Garza**

Appellants, Alan Vern Crocker, individually and as the trustee of the estate of Ray

Dale Crocker, Travis Vance Crocker, Sandra Crocker Mosby, and George Kim Crocker

(collectively "the Crocker grandchildren"), appeal orders entered by the Kenedy County District Court (1) granting pleas to the jurisdiction and motions to dismiss for lack of jurisdiction in favor of appellees, Exxon Mobil Corporation d/b/a ExxonMobil Production Company ("Exxon") and Lee M. Bass, Inc. ("Bass"), and (2) denying the Crocker grandchildren's motions for new trial and reconsideration. By two issues, the Crocker grandchildren argue that the Kenedy County District Court erred in (1) granting appellees' pleas to the jurisdiction and motions to dismiss and (2) denying their motions for new trial and reconsideration. We affirm.

## I. BACKGROUND

This dispute pertains to a declaratory judgment action to remove a cloud on the title of real property located in Kenedy County, Texas. Specifically, the underlying suit involved two separate nonparticipating royalty interests ("NPRIs") affecting approximately 259 acres in the F.E. Crocker Survey number 11.

On November 5, 1959, Ida and Arthur Vern Crocker conveyed a 1/96th NPRI to each of their six children, which was subsequently recorded. Later, Ida and Vern devised another undivided 1/96th NPRI to Arthur Van Crocker, one of their six children, pursuant to a joint will.[1]

When Ida died, her estate was administered by the Kleberg County Court, which entered an order on July 8, 1992, approving of an agreement between the Crocker grandchildren and Frankie Pattillo, the independent executrix of Ida's estate. The agreement set forth, among other things, the following:

---

[1] Arthur Van Crocker is the father of Alan Vern Crocker, Ray Dale Crocker, Travis Vance Crocker, Sandra Crocker Mosby, and George Kim Crocker, the appellants in this matter.

2

> Plaintiffs and Defendant have further agreed and IT IS THEREFORE FURTHER ORDERED, ADJUDGED, AND DECREED, that *the Defendant, the Estate of Ida Leah Crocker, Deceased, through its Independent Executrix is entitled to all right, title and interest in and to the real property located in Kenedy County, Texas* more particularly described in Exhibits "B", "C", "D", and "E" attached hereto and incorporated herein by reference just as if the same were set forth fully and verbatim, and *the Plaintiffs* [the Crocker grandchildren] *are hereby divested of all right title and interest in and to the same*.

(Emphasis added.) The Kleberg County Court order was filed in the Kenedy County deed records on March 8, 1993.

Thereafter, Bass acquired interests in Ida's property from three of Ida's children—Grace, Loretta, and Frankie. These interests included the surface estate, three-fourths of the mineral estate, and each of the 1/96th NPRIs owned by Grace, Loretta, and Frankie.

On January 9, 2007, the Crocker grandchildren filed a petition in the Kenedy County District Court against Lipan Partners, LP by its general partner, Sierra Resources, LLC, Exxon, and Bass, seeking a declaratory judgment to remove a cloud on the title of the property and to obtain an accounting for the production of mineral revenues.[2] Specifically, the Crocker grandchildren took issue with two of the 1/96th NPRIs obtained by Bass.[3]

On March 11, 2008, Bass filed a plea to the jurisdiction and motion to dismiss for lack of jurisdiction. In this filing, Bass argued that the Kenedy County District Court lacked subject-matter jurisdiction because the declaratory judgment filed by the Crocker

---

[2] Lipan Partners, LP and Sierra Resources, LLC were non-suited from the underlying matter and are not parties to this appeal.

[3] At the time of the underlying suit, Exxon was producing oil and gas on the property. In their lawsuit, the Crocker grandchildren sought to determine the "proceeds derived from the two 1/96th interests . . . be accounted for and be paid to the Plaintiffs [the Crocker grandchildren]."

grandchildren was an impermissible collateral attack on the Kleberg County Court's July 8, 1992 order. Exxon, adopting by reference the arguments made by Bass in its plea to the jurisdiction and motion to dismiss, filed its own plea to the jurisdiction and motion to dismiss for lack of jurisdiction on May 22, 2008.

On May 27, 2008, after a hearing, the Kenedy County District Court granted Bass's and Exxon's pleas to the jurisdiction and motions to dismiss for lack of jurisdiction. Subsequently, on July 3, 2008, the Crocker grandchildren filed a motion for new trial and a motion for reconsideration, which the Kenedy County District Court denied on July 28, 2008. This appeal followed.

## II. BASS'S AND EXXON'S PLEAS TO THE JURISDICTION AND MOTIONS TO DISMISS FOR LACK OF JURISDICTION

In their first issue, the Crocker grandchildren argue that the trial court erred in granting Bass's and Exxon's pleas to the jurisdiction and motions to dismiss for lack of jurisdiction because district courts have general jurisdiction in actions seeking to quiet title or other actions involving title to real property. The Crocker grandchildren further argue that, contrary to Bass's and Exxon's assertions, county courts "are denied jurisdiction over suit[s] for the recovery of land."

### 1. Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Whether a trial court has subject-matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133

4

S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.–Fort Worth 2004, pet. denied).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder. *Id.* at 227-28; *Bland*, 34 S.W.3d at 555. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 227-28; *Bland*, 34 S.W.3d at 555.

**2. Subject Matter Jurisdiction**

Section 4 of the Texas Probate Code provides that "[t]he county court shall have the

general jurisdiction of a probate court."[4]  TEX. PROB. CODE ANN. § 4 (Vernon 2003).  The county court "shall probate wills, grants letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration, including the settlement, partition, and distribution of such estates."  *Id.*  Section 5 of the probate code states that "[a]ll courts exercising original probate jurisdiction shall have the power to hear all matters incident to the estate."  *Id.* § 5(f) (Vernon Supp. 2008).  Moreover, section 5A(a) of the probate code provides that matters appertaining and incident to an estate include "all actions for trial of title to land incident to an estate . . . [and] all actions for trial of the right of property incident to an estate . . . and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons."  *Id.* § 5A(a) (Vernon Supp. 2008).

Conversely, district courts are courts of general jurisdiction.  *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).  The Texas Constitution states that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original

---

[4] Section 5(c) of the probate code further clarifies the general jurisdiction of the statutory county court sitting in probate:

> *In those counties in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, unless otherwise provided by law.* The judge of a county court may hear any of those matters regarding probate or administration sitting for the judge of any other county court.  In contested probate matters, the judge of the constitutional county court may on the judge's own motion, and shall on the motion of a party to the proceeding, transfer the proceeding to the county court at law or a statutory court exercising the jurisdiction of a probate court other than a statutory probate court.  The court to which the proceeding is transferred may hear the proceeding as if originally filed in the court.

TEX. PROB. CODE ANN. § 5(c) (Vernon Supp. 2008) (emphasis added).

6

jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. The Texas Government code provides that district courts have "the jurisdiction provided by Article V, Section 8, of the Texas Constitution" and "may hear and determine any cause that is cognizable by courts of law or equity and may grant relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. §§ 24.007, 24.008 (Vernon 2004). In *Dubai*, the supreme court noted that courts of general jurisdiction are presumed to have subject-matter jurisdiction "unless a showing can be made to the contrary." 12 S.W.3d at 75 (quoting 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (1984)). Furthermore, "district courts generally have exclusive jurisdiction to determine title to real property." *Musquiz v. Marroquin*, 124 S.W.3d 906, 910 (Tex. App.–Corpus Christi 2004, pet. denied) (citing TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 26.043 (Vernon 2004); *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no pet.)).

In their original petition, the Crocker grandchildren requested that the Kenedy County District Court "make a determination that the Order dated July 8, 1992 did not divest Plaintiffs' or their predecessors in interest (Plaintiffs have acquired the interest of any unnamed children of Arthur Van Crocker) of any interest they own in the property which is the subject of this land . . . ." Further, the Crocker grandchildren advance on appeal that the Kleberg County Court lacked jurisdiction to hear the matter "under section 26.0428 of the government code."[5]

---

[5] Section 26.0428 of the government code does not exist. However, it appears that the Crocker grandchildren intended to cite to section 26.043 of the government code, which provides the following:

A county court does not have jurisdiction in:

While district courts generally have jurisdiction over actions to quiet title or trespass to try title, we hold that the Kleberg County Court has jurisdiction over this matter because the two 1/96th NPRIs at issue in this case are "matters incident to the estate [of Ida Crocker]" as described by sections 5(f) and 5A(a) of the probate code. *See* TEX. PROB. CODE ANN. §§ 5(f), 5A(a). Our holding is supported by the stipulation of the parties at the May 27, 2008 hearing. At that hearing, counsel for the Crocker grandchildren stipulated that the two 1/96th NPRIs involved in this matter were derived from the 259 acres of the F.E. Crocker Survey number 11 that were referenced by exhibit "B" of the July 8, 1992 order entered by the Kleberg County Court.[6] *See Mendoza v. Fid. & Guar. Ins.*

---

(1) a suit to recover damages for slander or defamation of character;

(2) a suit for the enforcement of a lien on land;

(3) a suit in [sic] behalf of the state for escheat;

(4) a suit for divorce;

(5) a suit for the forfeiture of a corporate charter;

(6) a suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration, or attachment;

(7) an eminent domain case; or

(8) *a suit for the recovery of land.*

TEX. GOV'T CODE ANN. § 26.043 (Vernon 2004) (emphasis added).

[6] The following colloquy transpired with respect to the stipulations made:

| [Bass's Counsel]: | Before I begin what I hope will be a short presentation, I will state for the record that Mr. Anderson [counsel for the Crocker grandchildren] and I have agreed to two stipulations, the first being that Exhibit A to the motion before you is a true and correct copy of that prior order in Cause No. 4290 in the County Court of Kleberg County, Texas. The second is that the property at issue in this case or the interest in the lands in this case described as 259 acres in the F.E. Crocker Survey of Kenedy County are lands included within the lands described on Exhibit B to that order. Did I correctly state our stipulations? |
|---|---|

*Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980) ("A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting party from disputing it."); *see also De La Pena v. Elzinga*, 980 S.W.2d 920, 922 (Tex. App.–Corpus Christi 1998, no pet.) (same). By stipulating that the two 1/96th NPRIs were part of exhibit "B," the Crocker grandchildren have admitted that the two NPRIs were "appertaining" or "incident to" Ida's estate.[7] *See* TEX. PROB. CODE ANN. §§ 4, 5(f), 5(A)(a). Therefore, original jurisdiction resided in the Kleberg County Court, where the probate proceeding took place. *See* TEX. PROB. CODE ANN. §§ 4, 5(f), 5(A)(a).

In any event, the Crocker grandchildren assert that their lawsuit was to quiet title and that only district courts have jurisdiction to hear such cases. In support of this contention, the Crocker grandchildren rely heavily on this Court's holding in *Musquiz*. *See* 124 S.W.3d at 910. However, we find the *Musquiz* case to be distinguishable from the present matter.

In *Musquiz*, appellee, Frank Marroquin, filed suit against appellants, Juanita Musquiz, Juan Musquiz III, and Sylvia Becerra, for breach of fiduciary duty and trespass to try title involving several actions taken by Juanita as the deceased's attorney-in-fact. *Id.* at 908-09. Marroquin's lawsuit was brought while the deceased's will was still being

---

| [Counsel for the Crocker grandchildren]: | That's correct, Your Honor. |
| THE COURT: | All right. |

[7] At the May 27, 2008 hearing and on appeal, the Crocker grandchildren argue that the July 8, 1992 order did not involve the two 1/96th NPRIs at issue in this appeal; rather, the order pertained to interests owned by Emmert Crocker, a child of Ida and Vern. We do not find this contention persuasive because the Crocker grandchildren point to no evidence in the record in support thereof. Furthermore, the Crocker grandchildren's contention is undermined by the stipulation that the two 1/96th NPRIs were associated with the 259 acres of the F.E. Crocker Survey number 11—part of Ida's estate.

probated. *Id.* at 909. Appellants argued that the district court did not have subject-matter jurisdiction over Marroquin's suit for breach of fiduciary duty and trespass to try title because the statutory county court had exclusive jurisdiction over "any and all claims pertaining to or incident to the Estate . . . because the probate case was filed first." *Id.* We concluded that "the statutory county court did not have dominant jurisdiction over the dispute because no petition had been filed raising the issue involving these parties." *Id.* at 911.

Unlike the present case, the *Musquiz* case did not involve an attempt to alter or clarify a previous judgment. In fact, the thrust of the *Musquiz* case involved an interpretation of the scope of Juanita's durable power of attorney and Juanita's liability for the actions she took as the attorney-in-fact. *Id.* at 911-12. Moreover, it is noteworthy that in *Musquiz*, appellee's lawsuit ran concurrently with the probate of the deceased's will; therefore, the issue concerned whether the district court had dominant jurisdiction over the probate court when the proceedings were concurrent. *Id.* at 909, 911. A similar issue is not present here; thus, the *Musquiz* case is not on all fours with the present case.

We conclude that the Crocker grandchildren have not met their burden of presenting evidence creating a fact issue on the jurisdictional issues. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Harvey*, 124 S.W.3d at 220; *see also Miranda*, 133 S.W.3d at 227-28; *Bland*, 34 S.W.3d at 555. Furthermore, because the Crocker grandchildren stipulated that the two NPRIs were part of the 259 acres that were included in Ida's estate and because various sections of the probate court grant original jurisdiction to the Kleberg County Court, we find that the Kenedy County District Court was precluded from exercising jurisdiction over this matter. *See* TEX. PROB. CODE ANN. §§ 4, 5(f), 5A(a); *see also Dubai*, 12 S.W.3d

10

at 75 (holding that district courts, as courts of general jurisdiction, are presumed to have subject matter jurisdiction "unless a showing can be made to the contrary").

Because we have concluded that the Kleberg County Court has original jurisdiction over this matter since the NPRIs are "appertaining" or "incident to" Ida's estate and the Kenedy County District Court was precluded from exercising jurisdiction over this matter, we hold that the Kenedy County District Court did not err in granting Bass's and Exxon's pleas to the jurisdiction and motions to dismiss for lack of jurisdiction. We overrule the Crocker grandchildren's first issue.

### III. THE CROCKER GRANDCHILDREN'S MOTION FOR NEW TRIAL

By their second issue, the Crocker grandchildren allege that the trial court erred in failing to grant their motion for new trial and motion for reconsideration. However, their appellate brief contains no argument in support of this point of error. Rule 38.1(h) of the Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). Failure to cite authority or provide substantive analysis waives an issue on appeal. *Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.–Corpus Christi 2005, pet. denied) (citing *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 410 (Tex. 1997); *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 801 n.6 (Tex. App.–Corpus Christi 2002, pet. denied)). Because the Crocker grandchildren offer no legal analysis and fail to cite any authority supporting this issue, we hold that error, if any, is waived. *See id.* (citing *McIntrye v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.–Dallas 2001, pet. denied)); *see also Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.) (recognizing appellant's

11

failure to brief an issue results in waiver on appeal).  Accordingly, we overrule the Crocker grandchildren's second issue.

## IV. Conclusion

Having overruled both of the Crocker grandchildren's issues on appeal, we affirm the judgment of the Kenedy County District Court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 12th day of March, 2009.

12