

# NUMBER 13-16-00369-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AMY JEANETTE BANDA,                                               Appellant,

v.

TEXAS BOARD OF NURSING,                                          Appellee.

### On appeal from the 200th District Court of Travis County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

This is an appeal from the district court's judgment affirming an order and opinion of the Texas Board of Nursing (the Board) to sanction appellant Amy Jeanette Banda with a two-year probated suspension of her nursing license for violation of the professional boundaries of the nurse-patient relationship. *See* 22 TEX. ADMIN. CODE ANN. § 217.1(29) (West, Westlaw through 2017 1st C.S.). We reverse and remand.

## I.    BACKGROUND

On May 27, 2013, Banda, a registered nurse, and the Board entered into an agreed order related to a series of incidents that occurred in February of 2013 which involved the violation of professional boundaries by Banda with a patient, M[1].  In January 2014, a secondary complaint was received by the Board which alleged a continuing violation of professional boundaries by Banda with M occurring between May 2013 and January 2014, after M had been discharged from Banda's care.  Following an investigation by the Board, the Board filed a notice of hearing in June 2014, and a contested hearing was held in the State Office of Administrative Hearings (SOAH) on August 28, 2014.  The hearing was presided over by an Administrative Law Judge (ALJ).  In October 2014, the ALJ who presided over the hearing issued the 2014 Proposal for Decision (PFD).  In his 2014 PFD, the ALJ found that the nurse-patient relationship between Banda and M had ended at the time of the alleged secondary violation of professional boundaries, and thus Banda had not violated the Nursing Practice Act.  In the 2014 PFD, the ALJ alternatively offered an analysis concluding that if the Board determined the nurse-patient relationship between Banda and M had not ended at the time of the alleged conduct, Banda's license should be revoked.

The Board Staff filed exceptions to the 2014 Proposal claiming that the ALJ had not properly applied prior precedent.  1 TEX. ADMIN. CODE ANN. § 155.507(b) (West, Westlaw through 2017 1st C.S.).  Banda filed a reply asserting that the analysis was correct.  *Id.*  The ALJ issued an exceptions letter recommending the Board overrule the exceptions.  *Id.* at §155.507(c).

---

[1] In order to protect the privacy of the patient, the Court will refer to the patient as M throughout. *See* TEX. R. APP. P. 9.9.

In April 2015, the Board reviewed the 2014 PFD, the exceptions, and the responses to the exceptions by both Banda and the ALJ, and found that the ALJ did not properly apply the Board's law and precedent to the facts of the case. The Board remanded the case back to the SOAH for the ALJ to issue a new proposal for decision consistent with the Board's findings. On remand, in his Proposal for Decision on Remand (Remand PFD) the ALJ provided an amended set of findings of fact and conclusions of law in which he found that if the nurse-patient relationship continued in May 2013, Banda violated professional boundaries. The ALJ further instructed the Board to add conclusions of their own which would address the ultimate determination of when the nurse-patient relationship ended by interpreting its own law.

Prior to the Board considering the Remand PFD, Banda filed a plea to the jurisdiction and exceptions to the Remand PFD, arguing improper procedure and raising issues related to the ALJ's incomplete findings of fact and conclusions of law. The ALJ denied the plea to the jurisdiction and exceptions. Subsequently, in October 2015, the Board reviewed the Remand PFD, the Staff's recommendations, and Banda's recommendations. The Board accepted the Staff's recommendations and suspended Banda's nursing license but probated the suspension for two years with probationary stipulations.

Banda filed a motion for rehearing which was overruled by operation of law. She then filed her petition and application for temporary injunction in the district court. The district court denied Banda's requested relief. This appeal followed.

## II. DISCUSSION

By six issues, Banda asserts: (1) the Board did not have the authority to remand a PFD to the SOAH, *see* TEX. GOV'T CODE ANN. § 2001.058 (West, Westlaw through 2017

3

1st C.S.); (2) the remand of a PFD violated principles of collateral estoppel; (3) the ALJ failed to offer complete findings of fact and conclusions of law, *see id.* § 2001.062(c); (4) the Board does not have the authority to adopt additional findings of fact and conclusions of law in the Remand PFD, *see id.* § 2001.058; (5) the ALJ improperly admitted evidence; and (6) the order and opinion of the Board on Remand is not supported by substantial evidence based on prior decisions of the Board.

## A.      Standard of Review and Applicable Law

The Administrative Procedure Act (APA) governs judicial review of a final agency order, and requires the court to reverse or remand an agency's decision that prejudices the appellant's substantial rights because the administrative findings, inferences, conclusions, or decisions: (1) violate a constitutional or statutory provision; (2) exceed the agency's statutory authority; (3) were made through unlawful procedure; (4) are affected by other error of law; (5) are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) are arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Gomez v. Tex. Educ. Agency, Educator Certification & Standards Div.*, 354 S.W.3d 905, 912 (Tex. App.—Austin 2011, pet. denied).

Courts apply the substantial evidence standard when reviewing an agency's decision. *Granek v. Tex. State Bd. Of Medical Examiners*, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.). Under this standard, a reviewing court may not substitute its judgment for that of the agency and must affirm the agency's decision if it is supported by more than a scintilla of evidence. *Id.* The issue is not whether the agency made the correct decision, but whether there is some reasonable basis in the record for the agency's action. *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—

4

Corpus Christi 2002, pet. denied). We review the trial court's substantial evidence review de novo. *Id.* "[Substantial evidence] does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' of fact." *Lauderdale v. Tex. Dept. of Agriculture*, 923 S.W.2d 834, 836 (Tex. App.—Austin 1996, no pet.) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We presume that the agency's findings, inferences, conclusions, and decisions are supported by substantial evidence, and the burden to prove otherwise is on the appellant. *Granek*, 172 S.W.3d at 778. Finally, the agency's decision should be reversed only if the party challenging the decision demonstrates that party's substantial rights have been violated. *Id.*

**B.     Analysis**

**1.     Authority to Remand**

By her first issue, Banda argues the Board did not have the authority to remand the ALJ's first proposal for decision back to the SOAH for further proceedings. However, the Board argues that the Legislature authorizes the Board to make final decisions in disciplinary actions, providing the Board with exclusive jurisdiction over disciplinary cases and thus granting them the authority to remand.

While, as a general rule, the Board should have whatever power is necessary to fulfill a function or perform a duty expressly placed on them by the Legislature, "[t]he agency may not, however, on a theory of necessary implication from a specific power, function, or duty expressly delegated, erect and exercise what really amounts to a new and additional power or one that contradicts the statute, no matter that the new power is viewed as being expedient for administrative purposes." *Sexton v. Mount Olivet*

5

*Cemetery Ass'n*, 720 S.W.2d 129, 137–38 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (citations omitted). Section 2001.058 of the government code controls hearings conducted by SOAH. *See* TEX. GOV'T. CODE ANN. § 2001.058. While there is no dispute that the Board has the authority to prosecute cases and take disciplinary action against a party, the issue lies in what powers the Board is given to fulfill those duties. Here, the Board argues that remand was necessary because the ALJ's initial proposal did not meet the requirements of a proposal for decision as it did not offer complete findings of fact and conclusions of law. Section 2001.058(e) of the government code allows:

> (e) A state agency may change a finding of fact or conclusion of law made by the administrative law judge, or may vacate or modify an order issued by the administrative judge, only if the agency determines:
>
> > (1) that the administrative law judge did not properly apply or interpret applicable law, agency rules, written policies provided under Subsection (c), or prior administrative decisions;
> >
> > (2) that a prior administrative decision on which the administrative law judge relied is incorrect or should be changed; or
> >
> > (3) that a technical error in a finding of fact should be changed.

TEX. GOV'T CODE ANN. § 2001.058(e). Nowhere does the code allow for a remand of the proposal directing the ALJ to present a new proposal in accordance with the Board's direction, nor do we find any case support for a remand in such circumstances. The Board is afforded the powers as given in the code. This procedure adequately provides the agency the ability to reach a final decision in accordance with applicable law, agency rules, written policies, and prior decisions. *See id.* By remanding the proposal for decision back to the ALJ, the Board improperly exercised an additional power, rather than opting to vacate or modify the PFD as authorized. *Sexton*, 720 S.W.2d at 138; *see* TEX. GOV'T CODE ANN. § 2001.058(e). When we find that an appellant's substantial rights have

6

been prejudiced because the agency's decision violated a statutory provision or exceeded its statutory authority, our options are to reverse or to remand the case to the agency for further proceedings. TEX. GOV'T CODE ANN. § 2001.174(2); *see Heritage on San Gabriel Homeowners Ass'n v. Tex. Com'n on Envtl. Quality*, 393 S.W.3d 417, 441 (Tex. App.—Austin 2012, pet. denied).

We sustain Banda's first issue.[2] We will remand the case to the Board for further proceedings consistent with this opinion. *See id.* (citing *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 255 S.W.3d 356, 365–66 (Tex. App.—Austin 2008, pet. denied) ("Courts are legislatively empowered to limit the scope of a remand to the part of an order that contains error.")); *see also* TEX. GOV'T CODE ANN. § 2001.174 (allowing courts to affirm agency decision in whole or in part and remand case for further proceedings if appellant's substantial rights have been prejudiced because decision violates statutory provision or exceeds agency's statutory authority). On remand, the Board may resume exercising its discretion from the point at which it exceeded its authority, i.e., when it remanded the case to the ALJ for a new proposal for decision. *See Freightliner*, 255 S.W.3d at 366 (holding that appellate court's remand to agency that was limited in scope allowed agency to resume exercising discretion from point at which it exceeded its authority and did not allow agency to reconsider determination on another issue that appellate court held was supported by substantial evidence); *see also Heritage on San Gabriel Homeowners Ass'n*, 393 S.W.3d at 441.

### III. CONCLUSION

---

[2] Because we have sustained appellant's first issue, we need not address her remaining issues as they are not dispositive. *See* TEX. R. APP. P. 47.4

7

Having sustained Banda's first issue, we reverse the trial court's judgment and remand the cause to the Board to further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
24th day of May, 2018.