TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

David HUTCHESON, Appellee.

No. 13–06–00349–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 29, 2007.

Rehearing Overruled Sept. 27, 2007.

Elvis G. Schulze, Kevin Michael Givens, Supervising Attorney, ALR Appeals, and Rene S. Pass, Austin, TX, for Appellant.

Keith A. Gross, Attorney At Law, Kemah, TX, for Appellee.

Before Chief Justice VALDEZ and Justices BENAVIDES and VELA.

## OPINION

Opinion by Chief Justice VALDEZ.

The Texas Department of Public Safety ("the Department") appeals from a judgment directing the Department to rescind

its suspension of David Hutcheson's driver's license. We affirm.

## I. BACKGROUND

On May 28, 2005, Palacios Police Officer Jacob R. Whitwell observed Hutcheson drive through a stop sign and stop in the middle of an intersection. Based on this observation, Officer Whitwell initiated a traffic stop and observed signs of intoxication. After Hutcheson performed and failed field sobriety tests, Officer Whitwell arrested him for driving while intoxicated. Officer Whitwell transported Hutcheson to the police annex, read statutory warnings to him, and asked him to provide a blood specimen. Officer Whitwell did not request a breath specimen. Hutcheson refused to provide a blood specimen because he understood that Officer Whitwell would draw the blood himself.

As a result of his purported refusal to submit a blood specimen, Hutcheson's driver's license was suspended. *See* Tex. Transp. Code Ann. § 724.035 (Vernon Supp.2006). Hutcheson requested a hearing before an administrative law judge ("ALJ"). *See id.* § 724.041 (Vernon Supp. 2006).

Officer Whitwell did not appear at the hearing before an ALJ, but his sworn report was admitted into the administrative record. It states that Hutcheson refused to provide a blood specimen, but it does not state whether Officer Whitwell requested a breath specimen in the alternative. It should be noted that neither Officer Whitwell's report nor Hutcheson's refusal form state that a qualified individual was to draw the blood in a sanitary place. Hutcheson testified that Officer Whitwell requested to draw his blood himself, but Hutcheson refused the request because Office Whitwell did not seem qualified to draw blood. Hutcheson also testified that the request was made in a jail cell that did not look sanitary. The Department did not object to Hutcheson's testimony and did not present rebuttal testimony showing that a qualified individual was to draw the blood in a sanitary place. The ALJ upheld Hutcheson's driver's license suspension.

Hutcheson appealed to the county court, which transferred the case to district court.[1] At a hearing in which no record was made, the district court reversed the ALJ's decision and reinstated Hutcheson's driver's license. This appeal ensued.

## II. DISCUSSION

◼ The Department's sole issue on appeal is that the district court erred in reversing the administrative decision. It argues that there was substantial evidence to sustain Hutcheson's driver's license suspension and that Hutcheson's "justified refusal" defense has no place in a substantial evidence review. Hutcheson contends that Officer Whitwell could not have drawn his blood because he was not statutorily authorized to do so.

In essence, the Department urges us to insulate the propriety of Officer Whitwell's request of a blood specimen behind the substantial evidence standard of review. When properly framed, however, the issue is whether Officer Whitwell complied with statutory requirements to properly request a blood specimen.

---

1. The transportation code provides that an appeal from an ALJ's decision must be filed in a county court at law or in the county court. However, "[i]f the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on motion of either party or of the judge." Tex. Transp. Code Ann. § 524.041(b) (Vernon 2007).

## A. Standard of Review

 Normally, courts review administrative license suspension decisions under the substantial evidence standard. *Mireles v. Texas Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999); *see* Tex. Transp. Code Ann. § 524.041 (Vernon 2007); Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). A court applying the substantial evidence standard of review may not substitute its judgment for that of the administrative law judge. *Mireles,* 9 S.W.3d at 131. The issue for the reviewing court is not whether the administrative law judge's decision was correct but only whether the record demonstrates some reasonable basis for the administrative law judge's action. *Id.*

 In this case, however, we are called upon to review the evidence and a question of statutory interpretation. Tex. Gov't Code Ann. § 2001.174(2)(A) (providing, in part, that a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence but shall reverse or remand the case if the substantial rights of the appellant have been prejudiced because the administrative decisions are in violation of a statutory provision). For purposes of substantial evidence review, a question of statutory interpretation is a question of law and is not entitled to a presumption of validity. *Hightower v. State Comm'r. of Educ.,* 778 S.W.2d 595, 597 (Tex.App.-Austin 1998, no writ). In the instant case, the Department has not engaged in an in-depth construction of the statute at issue. *Cf. Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994) (providing that construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, if the construction is reasonable and does not contradict the plain language of the statute). Therefore, we will engage in a *de novo* standard of review because the

issue presented by the Department is a straightforward question of statutory interpretation. *See In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994).

## B. Applicable Law

We begin our analysis with a review of the issues before the ALJ. The issues at an administrative hearing for a refusal to submit a specimen are limited to whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;

* * *

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

Tex. Transp. Code Ann. § 724.042 (Vernon Supp.2006) (hereinafter referred to as "the hearing statute"). When dealing with a blood specimen, the code further provides that:

> Only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at the request or order of a peace officer under this chapter. The blood specimen must be taken in a sanitary place.

*Id.* § 724.017 (Vernon 1999).

 In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). It is presumed that the entire

statute is intended to be effective. Tex. Gov't Code Ann. § 311.021 (Vernon 2005).

The Legislature was very specific in drafting section 724.017 of the transportation code by restricting who may draw blood to only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse. Tex. Transp. Code Ann. § 724.017. The statute is so specific that we have previously held that even a phlebotomist employed at a hospital, absent evidence of her qualifications, cannot be classified under section 724.017's general category of a "qualified technician." *See Cavazos v. State,* 969 S.W.2d 454, 456–57 (Tex.App.-Corpus Christi 1998, pet. ref'd) (en banc). Section 724.017 also states that the authorized individual may take a blood specimen at the request or order of a peace officer. Tex. Transp. Code Ann. § 724.017.

The legislative intent behind section 724.017 was to protect the public's health and safety. *Id.* Along with authorizing only certain healthcare professionals to draw a suspected drunk driver's blood, the statute requires that the blood must be drawn in a sanitary place. *Id.* We note that the Legislature gave law enforcement officers a choice of requesting either a blood or breath specimen as a means of gathering evidence of intoxication. Tex. Transp. Code Ann. 724.012(b), (c). In situations where a breath specimen is requested, the Legislature requires minimum qualifications, but it trusts the Department to determine who is qualified. *Id.* 724.016(a) (providing that only an individual possessing a certificate issued by the Department may take and analyze a breath specimen). Regarding blood speci-

mens, the Legislature specifically enumerated those individuals it felt qualified for the task out of health and safety concerns. A reading of the statute that allows anyone to draw a blood specimen and affords redress-if any-only after the fact renders section 724.017 ineffective in carrying out the Legislature's health and safety concerns. Such an interpretation is against our rules of statutory construction. *See* Tex. Gov't Code Ann. § 311.021.

## C. Analysis

In the instant case, Hutcheson's testimony is that Officer Whitwell requested to draw Hutcheson's blood specimen himself. The Department did not object to Hutcheson's testimony. Additionally, the Department did not present any evidence showing Officer Whitwell's medical training in order to establish that he may be a "qualified technician" as required by section 724.017. *See Cavazos,* 969 S.W.2d at 456–57; *cf. State v. Bingham,* 921 S.W.2d 494, 496 (Tex.App.-Waco 1996, pet. ref'd) (concluding that the term "qualified technician" includes a phlebotomist whom the hospital has determined is qualified to draw blood and whose credentials were made part of the record). The Department also failed to present any evidence that an authorized individual was present and able to carry-out Officer Whitwell's request for Hutcheson's blood specimen.

The Department, and the Dissent as discussed below, invites us to blithely ignore section 724.017's mandate that only an authorized individual may draw a blood specimen and to engage in a substantial evidence review of only Hutcheson's refusal.[2] We respectfully decline the Depart-

---

2. "The Department is not required to prove that a qualified person and sanitary place were available at the time of the request in order to suspend a driver's license for refusing to submit to a blood test. They are not

issues in a refusal case." Department's Brief, p. 13. The Department supports this proposition by citing us to the hearing statute for failure to submit a specimen and to *Tex. Dep't of Pub. Safety v. Cortinas,* a case interpreting

ment's invitation to cherry-pick which pieces of the statute are subject to a substantial evidence review and which pieces are, because of inconvenience, not subject to review.

The Legislature made an important policy decision to protect the public's health and safety by authorizing only certain professionals to take a blood specimen when an individual is suspected of driving while intoxicated. When confronted with a choice between engaging in a substantial evidence review of only Hutcheson's refusal or ensuring that the Legislature's policy of protecting public health is properly implemented, we choose to protect public health. When a blood sample is to be taken, we hold that the Legislature has issued a mandate to protect the public's health, not a directive to file paper work. *Cf. Tex. Dep't of Pub. Safety v. Cortinas,* 996 S.W.2d 885, 889 (Tex.App.-[14th Dist.] Houston 1998, no pet.) (providing that DPS's notice requirements in license suspension hearings are to be directory and not mandatory). The Legislature's policy decision to protect the public's health and its desire to have efficient administrative hearings are easily harmonized when the Department presents evidence of its compliance with section 724.017 at administrative hearings. Tex. Transp. Code Ann. § 724.017.

## D. Response to the Dissent

The dissent chooses to place the limitations of a substantial evidence review above the health and safety provisions of section 724.017. According to the dissent, section 724.017 is not a public health and safety statute, but an evidentiary statute used only in criminal cases and not in administrative hearings. *See Tex. Dep't of*

*Pub. Safety v. Hutcheson,* No. 13–06–00349-CV, 2007 WL 2445209, 235 S.W.3d 312, 316 (Tex.App.-Corpus·Christi Aug. 29, 2007, no pet. h.) Taken to its logical conclusion, the dissent's rationale would force Hutcheson to have his blood drawn by a medically unqualified peace officer, in an unsanitary place, in order to prevent his license from being suspended. His only recourse for such an ordeal would be after the fact and in a criminal proceeding where the results would be excluded for failure to follow section 724.017. We respectfully disagree with the dissent's view of section 724.017.

## III. CONCLUSION

Because Officer Whitwell was not an authorized individual and because there is no evidence that he requested an authorized individual carry-out the drawing of Hutcheson's blood specimen, we hold that the Department failed to present substantial evidence that there was an appropriate request. We overrule the Department's sole issue.

The judgment of the trial court is affirmed. Tex.R.App. P. 43.2(a).

Dissenting Opinion by Justice VELA.

I respectfully dissent. I believe that the Department need only have proved that it satisfied the elements of section 724.042 of the Texas Transportation Code in order to justify the denial of Hutcheson's driver's license. The majority's opinion would allow anyone who refuses to give a blood sample pursuant to section 724.042, to raise, well after the fact, an argument that conditions were unsanitary. This could be done without regard to any proof that unsanitary conditions existed. This argu-

---

the hearing statute for suspension of a driver's license upon proof of intoxication. 996 S.W.2d 885, 890 (Tex. App–Houston [14th

Dist.] 1998, no pet.). Both citations are off point.

ment, taken to its logical conclusion, invites any person arrested for driving while intoxicated, who refuses to give a blood sample, to manufacture an "ex post facto" defense that conditions were not sanitary at the time of arrest. Surely this was not the Legislature's intent.

## A. Standard of Review

Review of an ALJ's suspension of driving privileges is made under a substantial-evidence standard. *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex. 1999); *Tex. Dep't of Pub. Safety v. Scanio,* 159 S.W.3d 712, 715 (Tex.App.-Corpus Christi 2004, pet. denied). Under a substantial evidence review, the reviewing court cannot substitute its judgment for that of the ALJ's, and must affirm the ALJ's decision if it is supported by more than a scintilla of evidence. *Mireles,* 9 S.W.3d at 131. The issue for the reviewing court is not whether the ALJ made a correct decision, but rather whether there is some reasonable basis in the record for the action taken by the ALJ. *Mireles,* 9 S.W.3d at 131. The burden for overturning an agency ruling is formidable. *Scanio,* 159 S.W.3d at 715. Thus, an administrative decision may be sustained even if the evidence preponderates against it. *Mireles,* 9 S.W.3d at 131.

## B. There was substantial evidence to sustain the suspension.

The district court erred in reversing the ALJ's decision to suspend Hutcheson's driver's license. To uphold a license suspension, an ALJ must find that the DPS proved by a preponderance of the evidence the elements set forth in section 724.042 of the Texas Transportation Code. *Tex. Dep't of Pub. Safety v. Jackson,* 76 S.W.3d 103, 107 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *See* Tex. Trans. Code Ann. § 724.042 (Vernon Supp.2006).

Section 724.042 of the Texas Transportation Code provides that the issues to be considered at an administrative hearing regarding license suspension are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(A) operating a motor vehicle in a public place while intoxicated . . .;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer. Tex. Trans. Code Ann. § 724.042 (Vernon Supp.2006). If the ALJ finds in the affirmative on each issue, the license suspension is sustained. *Scanio,* 159 S.W.3d at 716.

In *Scanio,* this court upheld the suspension of a driver's license pursuant to section 724.042. *Scanio,* 159 S.W.3d at 716. The court found that all of the elements of section 724.042 were met under a substantial evidence review. *Id.*

Similarly, in this case, the ALJ concluded that all of the elements of section 724.042 of the Transportation Code were proven by the DPS. First, the ALJ found that reasonable suspicion or probable cause existed to stop or arrest Hutcheson. According to the incident and crime report, Hutcheson was pulled over after Whitwell observed him drive through a stop sign and then stop suddenly in the middle of the street. *See Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992) (a traffic violation constitutes probable cause to stop).

The ALJ determined that probable cause existed to believe that Hutcheson was operating a motor vehicle in a public place while intoxicated. The incident and

crime report indicated that upon exiting his motor vehicle, Hutcheson had trouble balancing and was incapable or unwilling to perform the sobriety tests as requested by Officer Whitwell. *See Stagg v. Texas Dept. of Public Safety,* 81 S.W.3d 441, 444 (Tex.App–Austin 2002, no pet.) (physical condition and performance on field sobriety tests support finding of probable cause of intoxication).

The ALJ also determined that Hutcheson was placed under arrest by Officer Whitwell and was requested to submit to the taking of a specimen. The record indicates that Hutcheson was read the statutory warning as required by section 724.015 of the Texas Transportation Code and was asked for a blood specimen. *See* Tex. Trans. Code Ann. § 724.015 (Vernon Supp.2006). The ALJ further concluded that Hutcheson refused to submit to the taking of a blood specimen as requested by Officer Whitwell. Hutcheson signed the DIC–24 form refusing to allow his blood to be taken. Tex. Trans. Code Ann. § 724.042 (Vernon Supp.2006). None of the facts in this case were contested by either party. Therefore, the reviewing court should have affirmed the suspension as the ALJ's decision was supported by more than a scintilla of the evidence. *Mireles,* 9 S.W.3d at 131.

As already established, the DPS needed only to fulfill the requirements as expressed in section 724.042 to suspend Hutcheson's license. Accordingly, Officer Whitwell did all that was necessary to comply with the requirements of section 724.042. As in *Scanio,* Hutcheson willingly signed the form acknowledging the fact that if he refused to provide a blood specimen, he would have his license suspended for 180 days. Officer Whitwell followed the statutory procedure by asking for the sample and upon refusal, giving Hutcheson the refusal form to sign. Tex. Trans.

Code Ann. § 724.015 (Vernon Supp.2006); *Tex. Dep't of Pub. Safety v. Struve,* 79 S.W.3d 796, 800–801 (Tex.App.-Corpus Christi 2002, pet. denied).

**C. § 724.017 does not justify refusal.**

Hutcheson argues that the request for his blood sample was not valid and therefore his license suspension cannot be upheld. Pursuant to section 2001.174 of the Texas Government Code, a reviewing court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of a constitutional or statutory provision." Tex. Gov't Code Ann. § 2001.174(2)(A) (Vernon 2001). Hutcheson urges that section 724.017 of the Texas Transportation Code justifies his refusal to submit to the taking of a blood specimen, therefore affording him an affirmative defense. *See* Tex. Trans. Code Ann. 724.017 (Vernon 1999). I disagree.

Section 724.017 requires that a blood specimen be taken by a "qualified technician" under sanitary conditions. *See* Tex. Trans. Code Ann. 724.017 (Vernon 1999). Hutcheson argues that his refusal was justified because the DPS failed to provide a "qualified technician" and sanitary conditions. Hutcheson has presented no evidence to support this conclusion. To suspend a license the DPS must only meet the statutory requirements of section 724.042. *See Scanio,* 159 S.W.3d at 716. DPS is not required to prove that a qualified person and sanitary place were available at the time of the request in order to suspend a driver's license for refusing to submit to a blood test. They are not issues in a refusal case. Tex. Trans. Code Ann. § 724.042; *See also Tex. Dep't of Pub. Safety v. Cortinas,* 996 S.W.2d 885, 890 (Tex.App.-Houston [14th Dist.] 1998, no

pet.) (addressing the issues that must be proven in a case under chapter 524 of the Transportation Code).

Further, the statutory provision that Hutcheson relies upon does not create an affirmative defense to suspension of his license. Rather, section 724.017 provides a means for excluding illegally taken evidence. Hutcheson's argument becomes material only when a prosecutor attempts to introduce the results of the test. *See State v. Laird,* 38 S.W.3d 707, 710 (Tex. App.-Austin 2000, pet. ref'd) (results of Laird's blood test were inadmissible because his blood was not taken by a "qualified technician"). In this case, Hutcheson refused to provide a specimen, making section 724.017 inapplicable.

Hutcheson's argument concerning the reason for his refusal should be rejected because it is not part of DPS's burden to prove the reason for his refusal. Further, the law concerning refusals does not create an affirmative defense for the driver's refusal to provide a specimen when requested by an officer. Thus, I believe there was substantial evidence to support the administrative findings. Accordingly, I dissent.