

NUMBER 13-09-00468-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                            Appellant,

v.

SYLVIA STELLA GUAJARDO,                                          Appellee.

On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

Appellant, the Texas Department of Public Safety ("DPS"), appeals from the trial

court's reversal of the suspension of appellee's, Sylvia Stella Guajardo, driver's license.

An administrative law judge ("ALJ") upheld the suspension based on Guajardo's refusal to

submit to a breath test.  *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon 2009).  On appeal, DPS contends that the ALJ properly admitted portions of the officer's written report and that the trial court erred in reversing the suspension on grounds that the report was inadmissable.  We reverse the trial court's judgment.

## I. BACKGROUND

On December 18, 2008, just before midnight, Officer J.R. Ramirez observed Guajardo driving her vehicle without its headlights on.  Officer Ramirez pulled her over and smelled alcohol.  Guajardo admitted consuming alcohol and consented to field sobriety tests.  Officer Ramirez administered the tests and, based on her performance, found that Guajardo "did not have the normal use of her mental and physical faculties."  Officer Ramirez then arrested Guajardo for driving under the influence.  *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).  Officer Ramirez read her the statutory warning ("DIC-24") and requested a breath specimen.  Guajardo signed the DIC-24 and refused to provide a breath specimen, a refusal which results in an automatic one-hundred-eighty day driver's license suspension. *See* TEX. TRANSP. CODE ANN. § 724.032 (Vernon Supp. 2009).  Officer Ramirez submitted a report to DPS decribing the circumstances surrounding the arrest.  Guajardo subsequently requested an administrative hearing to contest her license suspension.  *See* 37 TEX. ADMIN. CODE § 17.8 (1999) (Texas Department of Public Safety, Hearing Requests).

At the hearing, DPS offered a single exhibit marked as "DPS #1," which contained, in order:   the Peace Officer's Sworn report ("DIC-23"); a two-page printout from the McAllen Police Department; a case narrative, a DWI interview sheet; and the DIC-24.  Guajardo objected to DPS #1, claiming that the DIC-23, which was notarized but not

2

signed by Officer Ramirez, did not satisfy the public records exception to the hearsay rule. *See* TEX. R. EVID. 803(8). Guajardo argued that the absence of a signature on the DIC-23 made the entire exhibit untrustworthy because it incorporated by reference the remainder of the exhibit. The ALJ sustained Guajardo's objection for the DIC-23, the first page of the six-page exhibit, and admitted the remaining five pages. The ALJ upheld the suspension of Guajardo's license. Guajardo then appealed the ALJ's decision. *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 1995), § 724.047 (Vernon 1999). The trial court reversed the ALJ's decision, and DPS appealed.

## II. DISCUSSION

We review ALJ decisions concerning driver's license revocation under the substantial evidence standard. *Tex. Dep't. of Pub. Safety v. Hutcheson*, 235 S.W.3d 312, 314 (Tex. App.–Corpus Christi 2007, pet. denied). When a court applies the substantial evidence standard, it cannot substitute its own view for that of the ALJ. *Id.* Instead, the court must determine if there is "some reasonable basis" for the ALJ's decsion. *Id.* "[W]e review the trial court's judgment under a substantial evidence review de novo." *Tex. Dep't. of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.–Corpus Christi 2002, pet. denied).

> A court reviewing an agency decision under the substantial evidence standard
>
> shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;

3

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon 2008).

We review the decision of an ALJ to admit or exclude evidence under an abuse of discretion standard. *Struve*, 79 S.W.3d at 800. Certain records and reports are excepted from the hearsay rule, including:

[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth:

(A) the activities of the office or agency;

(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or

(C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;

unless the sources of information or other circumstances indicate lack of trustworthiness.

TEX. R. EVID. 803(8). Neither party contests that DPS #1 satisfies the preliminary requirements of the public records exception from hearsay. *See id.* Guajardo, however, argues that the exhibit is not trustworthy and that, because the ALJ sustained her objection to the DIC-23, and the DIC-23 incorporated the remainder of the report by reference, the entire report was inadmissable.

Evidence offered under rule 803(8) is presumptively admissible. *Beavers v.*

4

*Northrop Worldwide Aircraft Servs., Inc.*, 821 S.W.2d 669, 675 (Tex. App.–Amarillo 1991, writ denied); *see* TEX. R. EVID. 803(8)*.* The party asserting that the evidence is untrustworthy bears the burden of proof. *See Beavers*, 821 S.W.2d at 675*.* The ALJ examined the evidence and sustained Guajardo's objection to the first page of the exhibit, the DIC-23. The ALJ found the remainder of DPS #1 to be trustworthy and admitted it into evidence. DPS contends that the entirety of DPS #1 was admissible despite the lack of a signature on the DIC-23. Guajardo asserts that because the DIC-23 incorporates the remainder by reference and because the DIC-23 was inadmissable, the remainder was inadmissable unless independently offered by DPS.[1] Guajardo appears to be arguing that the DIC-23 is an affidavit and that the remaining documents are merely attachments to the affidavit. We disagree.

When a person refuses to take a breath test, the officer must "make a written report of the refusal to the director of the department . . . [that] contain[s] a copy of the refusal statement . . . or a statement signed by the officer that the person refused to . . . submit to the taking of the requested specimen . . . and sign the requested statement." TEX. TRANSP. CODE ANN. § 724.032. The transportation code requires a written report, not an affidavit. *See id.* Furthermore, the code only requires a signature when the person refuses to sign the DIC-24, which did not occur in Guajardo's case. *See id.*

Guajardo next argues that the evidence should have been re-offered independently after the ALJ struck the first page of DPS #1. We disagree. When there is a proper

---

[1] In her brief, Guajardo notes that "[b]ecause the ALJ sustained Guajardo's objection in part and denied it in part at the administrative hearing, there was no need to re-offer the evidence." It appears as though Guajardo agrees that DPS did not need to re-offer the other documents, but out of an abundance of caution, we address her contention anyway.

5

objection, a trial court (or an ALJ) can strike inadmissable portions of evidence. *See Celotex Corp. v. Tate*, 797 S.W.2d 197, 206 (Tex. App.–Corpus Christi 1990, writ dism'd by agr.); *see also Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex. 1981). Appellee directs us to no case law that suggests otherwise.

Having determined that the evidence was properly admitted in the administrative hearing, we must determine whether there was a reasonable basis for the ALJ's decision to uphold Guajardo's license suspension. *Hutcheson*, 235 S.W.3d at 314. When a person refuses to provide a breath specimen in an alcohol related offense, a police officer may suspend that person's license. *See* TEX. TRANSP. CODE ANN. § 724.035. DPS had to prove four things to uphold Guajardo's license suspension: (1) reasonable suspicion or probable cause to stop or arrest Guajardo; (2) probable cause to believe that Guajardo was intoxicated while operating her vehicle; (3) that Officer Ramirez requested a breath specimen; and (4) that Guajardo refused. *See id.* § 724.032; *Tex. Dep't Pub. Safety v. Pucek*, 22 S.W.3d 63, 64 (Tex. App.–Corpus Christi 2000, no pet.) (stating that if an ALJ finds that each of the four issues are satisfied, the ALJ must uphold the suspension order).

The admitted portion of DPS #1—the printout from the McAllen Police Department, the case narrative, the DWI interview sheet, and the DIC-24—clearly demonstrate the four necessary elements required to uphold the suspension: (1) in his case narrative, Officer Ramirez states that he stopped Guajardo because she was driving her car at night with its headlights off; (2) both the case narrative and DWI interview sheet describe Guajardo's poor performance during field sobriety tests; (3) the case narrative and the DIC-24 document Ramirez's request that Guajardo submit to a breath test and her refusal. Accordingly, we find that the ALJ's decision to uphold the license suspension was

6

supported by substantial evidence. *See Hutcheson*, 235 S.W.3d at 314. Thus, the trial court erred in reversing the suspension on grounds that the report was inadmissable. *See Struve*, 79 S.W3d at 800.

### III. CONCLUSION

We reverse the trial court's judgment and render judgment reinstating the ALJ's order authorizing the suspension of Guajardo's driver's license.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of July, 2010.

7