NUMBER 13-09-00468-CV


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF

PUBLIC SAFETY, Appellant,


v.



SYLVIA STELLA GUAJARDO, Appellee.

 


On appeal from the County Court at Law No. 2


 of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, the Texas Department of Public Safety ("DPS"), appeals from the trial
court's reversal of the suspension of appellee's, Sylvia Stella Guajardo, driver's license. 
An administrative law judge ("ALJ") upheld the suspension based on Guajardo's refusal to
submit to a breath test. See Tex. Transp. Code Ann. § 724.035 (Vernon 2009). On
appeal, DPS contends that the ALJ properly admitted portions of the officer's written report
and that the trial court erred in reversing the suspension on grounds that the report was
inadmissable. We reverse the trial court's judgment. I. Background

 On December 18, 2008, just before midnight, Officer J.R. Ramirez observed 
Guajardo driving her vehicle without its headlights on. Officer Ramirez pulled her over and
smelled alcohol. Guajardo admitted consuming alcohol and consented to field sobriety
tests. Officer Ramirez administered the tests and, based on her performance, found that
Guajardo "did not have the normal use of her mental and physical faculties." Officer
Ramirez then arrested Guajardo for driving under the influence. See Tex. Penal Code
Ann. § 49.04 (Vernon 2003). Officer Ramirez read her the statutory warning ("DIC-24")
and requested a breath specimen. Guajardo signed the DIC-24 and refused to provide a
breath specimen, a refusal which results in an automatic one-hundred-eighty day driver's
license suspension. See Tex. Transp. Code Ann. § 724.032 (Vernon Supp. 2009). Officer
Ramirez submitted a report to DPS decribing the circumstances surrounding the arrest. 
Guajardo subsequently requested an administrative hearing to contest her license
suspension. See 37 Tex. Admin. Code § 17.8 (1999) (Texas Department of Public Safety,
Hearing Requests). 

 At the hearing, DPS offered a single exhibit marked as "DPS #1," which contained,
in order: the Peace Officer's Sworn report ("DIC-23"); a two-page printout from the
McAllen Police Department; a case narrative, a DWI interview sheet; and the DIC-24. 
Guajardo objected to DPS #1, claiming that the DIC-23, which was notarized but not
signed by Officer Ramirez, did not satisfy the public records exception to the hearsay rule. 
See Tex. R. Evid. 803(8). Guajardo argued that the absence of a signature on the DIC-23
made the entire exhibit untrustworthy because it incorporated by reference the remainder
of the exhibit. The ALJ sustained Guajardo's objection for the DIC-23, the first page of the
six-page exhibit, and admitted the remaining five pages. The ALJ upheld the suspension
of Guajardo's license. Guajardo then appealed the ALJ's decision. See Tex. Transp.
Code Ann. § 524.041 (Vernon 1995), § 724.047 (Vernon 1999). The trial court reversed
the ALJ's decision, and DPS appealed. 

II. Discussion 

 We review ALJ decisions concerning driver's license revocation under the
substantial evidence standard. Tex. Dep't. of Pub. Safety v. Hutcheson, 235 S.W.3d 312,
314 (Tex. App.-Corpus Christi 2007, pet. denied). When a court applies the substantial
evidence standard, it cannot substitute its own view for that of the ALJ. Id. Instead, the
court must determine if there is "some reasonable basis" for the ALJ's decsion. Id. "[W]e
review the trial court's judgment under a substantial evidence review de novo." Tex. Dep't.
of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex. App.-Corpus Christi 2002, pet.
denied).

 A court reviewing an agency decision under the substantial evidence standard

 shall reverse or remand the case for further proceedings if substantial rights
of the appellant have been prejudiced because the administrative findings,
inferences, conclusions, or decisions are: 


 (A) in violation of a constitutional or statutory provision; 


 (B) in excess of the agency's statutory authority; 


 (C) made through unlawful procedure; 


 (D) affected by other error of law; 


 (E) not reasonably supported by substantial evidence considering the reliable
and probative evidence in the record as a whole; or 


 (F) arbitrary or capricious or characterized by abuse of discretion or clearly
unwarranted exercise of discretion. 


Tex. Gov't Code Ann. § 2001.174(2) (Vernon 2008). 

 We review the decision of an ALJ to admit or exclude evidence under an abuse of
discretion standard. Struve, 79 S.W.3d at 800. Certain records and reports are excepted
from the hearsay rule, including:

[r]ecords, reports, statements, or data compilations, in any form, of public
offices or agencies setting forth:


(A) the activities of the office or agency;


(B) matters observed pursuant to duty imposed by law as to which matters
there was a duty to report, excluding in criminal cases matters observed by
police officers and other law enforcement personnel; or


(C) in civil cases as to any party and in criminal cases as against the state,
factual findings resulting from an investigation made pursuant to authority
granted by law;


unless the sources of information or other circumstances indicate lack of
trustworthiness.


Tex. R. Evid. 803(8). Neither party contests that DPS #1 satisfies the preliminary
requirements of the public records exception from hearsay. See id. Guajardo, however,
argues that the exhibit is not trustworthy and that, because the ALJ sustained her objection
to the DIC-23, and the DIC-23 incorporated the remainder of the report by reference, the
entire report was inadmissable. 

 Evidence offered under rule 803(8) is presumptively admissible. Beavers v.
Northrop Worldwide Aircraft Servs., Inc., 821 S.W.2d 669, 675 (Tex. App.-Amarillo 1991,
writ denied); see Tex. R. Evid. 803(8). The party asserting that the evidence is
untrustworthy bears the burden of proof. See Beavers, 821 S.W.2d at 675. The ALJ
examined the evidence and sustained Guajardo's objection to the first page of the exhibit,
the DIC-23. The ALJ found the remainder of DPS #1 to be trustworthy and admitted it into
evidence. DPS contends that the entirety of DPS #1 was admissible despite the lack of
a signature on the DIC-23. Guajardo asserts that because the DIC-23 incorporates the
remainder by reference and because the DIC-23 was inadmissable, the remainder was
inadmissable unless independently offered by DPS. (1) Guajardo appears to be arguing that
the DIC-23 is an affidavit and that the remaining documents are merely attachments to the
affidavit. We disagree. 

 When a person refuses to take a breath test, the officer must "make a written report
of the refusal to the director of the department . . . [that] contain[s] a copy of the refusal
statement . . . or a statement signed by the officer that the person refused to . . . submit
to the taking of the requested specimen . . . and sign the requested statement." Tex.
Transp. Code Ann. § 724.032. The transportation code requires a written report, not an
affidavit. See id. Furthermore, the code only requires a signature when the person refuses
to sign the DIC-24, which did not occur in Guajardo's case. See id.

 Guajardo next argues that the evidence should have been re-offered independently
after the ALJ struck the first page of DPS #1. We disagree. When there is a proper
objection, a trial court (or an ALJ) can strike inadmissable portions of evidence. See
Celotex Corp. v. Tate, 797 S.W.2d 197, 206 (Tex. App.-Corpus Christi 1990, writ dism'd
by agr.); see also Speier v. Webster College, 616 S.W.2d 617, 619 (Tex. 1981). Appellee
directs us to no case law that suggests otherwise. 

 Having determined that the evidence was properly admitted in the administrative
hearing, we must determine whether there was a reasonable basis for the ALJ's decision
to uphold Guajardo's license suspension. Hutcheson, 235 S.W.3d at 314. When a person
refuses to provide a breath specimen in an alcohol related offense, a police officer may
suspend that person's license. See Tex. Transp. Code Ann. § 724.035. DPS had to prove
four things to uphold Guajardo's license suspension: (1) reasonable suspicion or probable
cause to stop or arrest Guajardo; (2) probable cause to believe that Guajardo was
intoxicated while operating her vehicle; (3) that Officer Ramirez requested a breath
specimen; and (4) that Guajardo refused. See id. § 724.032; Tex. Dep't Pub. Safety v.
Pucek, 22 S.W.3d 63, 64 (Tex. App.-Corpus Christi 2000, no pet.) (stating that if an ALJ
finds that each of the four issues are satisfied, the ALJ must uphold the suspension order). 

 The admitted portion of DPS #1--the printout from the McAllen Police Department,
the case narrative, the DWI interview sheet, and the DIC-24--clearly demonstrate the four
necessary elements required to uphold the suspension: (1) in his case narrative, Officer
Ramirez states that he stopped Guajardo because she was driving her car at night with its
headlights off; (2) both the case narrative and DWI interview sheet describe Guajardo's
poor performance during field sobriety tests; (3) the case narrative and the DIC-24
document Ramirez's request that Guajardo submit to a breath test and her refusal. 
Accordingly, we find that the ALJ's decision to uphold the license suspension was
supported by substantial evidence. See Hutcheson, 235 S.W.3d at 314. Thus, the trial
court erred in reversing the suspension on grounds that the report was inadmissable. See
Struve, 79 S.W3d at 800.

III. Conclusion

 We reverse the trial court's judgment and render judgment reinstating the ALJ's
order authorizing the suspension of Guajardo's driver's license. 



 __________________________

 GINA M. BENAVIDES,

 Justice



Delivered and filed the

29th day of July, 2010.

1. In her brief, Guajardo notes that "[b]ecause the ALJ sustained Guajardo's objection in part and
denied it in part at the administrative hearing, there was no need to re-offer the evidence." It appears as
though Guajardo agrees that DPS did not need to re-offer the other documents, but out of an abundance of
caution, we address her contention anyway.