Opinion issued April 9, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00312-CV

———————————

**THERESA G. STOWERS, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee**

---

**On Appeal from County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 1941294-Y**

---

## O P I N I O N

Theresa G. Stowers challenges the judgment of the county criminal court at law, affirming an administrative law judge's decision to suspend Stowers's driver's license for 90 days. In two issues, Stowers asserts that the county criminal court at

law erred by affirming the administrative law judge's order suspending Stowers's driver's license.

We affirm.

## Background

On June 8, 2012, while on patrol, Officer M. Silman of the Houston Police Department was driving behind a vehicle driven by Stowers. Officer Silman observed Stowers weaving out of her lane and hitting the curb. He initiated a traffic stop of Stowers's vehicle.

As he approached Stowers's car, Officer Silman smelled a strong order of alcohol. He also observed that Stowers's eyes were glassy. Stowers was very talkative and laughing. When she got out of her car, she could not stand up and had to hold onto her car. Officer Silman called the DWI unit to assist.

Sergeant Casares of the DWI unit arrived at the scene. He attempted to administer the HGN test to Stowers but could not because she was laughing and giggling. He also attempted to administer other field sobriety tests. Stowers was both uncooperative with the testing and, when cooperative, could not perform the tests. Sergeant Casares arrested Stowers for the offense of driving while intoxicated.

A person arrested for driving while intoxicated in Texas is deemed to have consented to submit to the taking of a breath or blood specimen to determine its

2

alcohol concentration.[1]   Under the state Administrative License Revocation program, if the person refuses to provide a specimen, or if the specimen provided has an alcohol concentration in excess of the legal limit, the Texas Department of Public Safety ("the Department") will automatically suspend the person's driver's license.[2]

Here, Sergeant Casares requested a blood specimen from Stowers and also read her the statutory warning regarding the possible consequences of providing or refusing to provide a specimen.[3]   Stowers agreed to provide a blood specimen, which showed a blood-alcohol concentration of 0.162 grams per milliliter, twice the legal limit.

---

[1]   *See* TEX. TRANSP. CODE ANN. § 724.011(a) (Vernon 2011).

[2]   *See* TEX. TRANSP. CODE ANN. § 724.035(a) (Vernon 2011) ("If a person refuses the request of a peace officer to submit to the taking of a specimen, the department shall: (1) suspend the person's license to operate a motor vehicle on a public highway for 180 days . . . ."), § 524.012(b) ("The department shall suspend the person's driver's license if the department determines that: (1) the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place. . . ."); TEX. PENAL CODE ANN. § 49.01(1) (Vernon 2011) ("'Alcohol concentration' means the number of grams of alcohol per: (A) 210 liters of breath; (B) 100 milliliters of blood; or (C) 67 milliliters of urine."); *id.* § 49.01(2) ("'Intoxicated' means: . . . (B) having an alcohol concentration of 0.08 or more.").

[3]   *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon Supp. 2014) (providing that, before requesting that a person submit to the taking of a specimen, an officer shall inform the person, orally and in writing, that a refusal or overlimit determination will result in a license suspension).

After the Department suspended her driver's license, Stowers requested an administrative hearing to challenge the suspension. The hearing was conducted by an administrative law judge ("ALJ"). Stowers and the Department were represented by counsel.

At the hearing, the Department presented the testimony of Officer Stilman and Sergeant Casares. The Department also offered four exhibits into evidence: the DIC–23 Peace Officer's Sworn Report, the DIC–24 Statutory Warning, the DIC–25 Notice of Suspension/Temporary Driving Permit, and the "Forensic Alcohol Analysis Report." The Forensic Alcohol Analysis Report indicated that Stowers's blood alcohol content was 0.162 grams per milliliter. Stowers's counsel stated that he had no objection to the four documents' admission into evidence as public records.

After presenting the testimony of the two officers, the Department rested, and Stowers stated that she had no evidence to present. The ALJ then asked for closing argument. The Department asked for an affirmative finding and reserved time. In her closing argument, Stowers asserted that, pursuant to section 724.017 of the Transportation Code, the Department had the burden to show that the blood specimen "was taken by . . . somebody that's qualified to do so." She pointed out that the Department had not shown who had taken the blood sample. Stowers asserted, [W]e cannot make an assumption that it was taken by somebody that's

4

qualified. . . ." She indicated that the blood-test results should not be given "any weight" and "without that we think there should be a negative finding."

In his written administrative decision, the ALJ made the following findings of fact and conclusions of law:

FINDINGS OF FACT

1) On 06/08/2012, reasonable suspicion to stop the Defendant existed, in that Officer Silman observed defendant operate a motor vehicle at 3800 Hidden Pines fail to maintain a single lane.

2) On the same date, probable cause to arrest the Defendant existed, in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, Officer Casares observed defendant to have an odor of alcohol, red eyes, slurred speech, poor balance, swayed, and admitted consuming alcohol.

3) Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4) Defendant was operating a motor vehicle in a public place, Harris County, Texas, with an alcohol concentration of 0.08 grams or greater of alcohol as determined by Defendant's submission to a blood test as requested.

CONCLUSIONS OF LAW

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 and that Defendant's license is subject to a suspension/denial for 90 days pursuant to Tex. Transp. Code Ann. § 524.022.

The ALJ's administrative decision also ordered that "[t]he Department is authorized to suspend or deny [Stowers's] driving privileges for the period indicated above."

Stowers appealed the ALJ's decision to the county criminal court at law. The court affirmed the ALJ's administrative ruling.[4] This appeal followed.

Stowers lists two issues in her brief. In her first issue, she questions "[w]hether the Administrative Law Judge's finding that [Stowers's] blood specimen was lawfully taken–without requiring the Department to comply with § 724.017 of the Texas Transportation Code and produce information or evidence as to how or where the specimen was collected–was supported by substantial evidence." Stowers's second issue generally inquires, "Whether the trial judge erred in affirming the Administrative Law Judge's decision to authorize the suspension of Appellant's driving privileges."

## Review of ALJ's Decision

### A.    Scope and Standard of Review

An ALJ's decision to suspend a driver's license is reviewed under section 2001.174 of the Texas Administrative Procedure Act. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Section 2001.174 requires that a reviewing court reverse or remand a case for further proceedings "if substantial

_____

[4] *See id.* § 524.041 (Vernon 2013).

6

rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" are

   (A) in violation of a constitutional or statutory provision;

   (B) in excess of the agency's statutory authority;

   (C) made through unlawful procedure;

   (D) affected by other error of law;

   (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

   (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2)(A)–(F).

Stowers bases her challenges to the ALJ's decision on subparagraphs (A) and (E). Stowers asserts that the ALJ's decision violated a statutory provision, namely Transportation Code section 724.017, and was not supported by substantial evidence.

The grounds for reversal stated in subparagraphs (A) and (E) present a question of law, which we review de novo. *See Tex. Dep't of Pub. Safety v. Stanley*, 982 S.W.2d 36, 37 (Tex. App.—Houston [1st Dist.] 1998, no pet.). In

7

other words, we afford no deference to the county criminal court's review of the administrative decision.

**B.    Analysis**

The Transportation Code required the Department to suspend Stowers's driving privileges because she had an alcohol concentration level of 0.08 grams or greater while operating a motor vehicle in a public place. *See* TEX. TRANSP. CODE ANN. § 524.012(b)(1) (Vernon 2013); *see also* TEX. PENAL CODE ANN. § 49.01(2)(B) (Vernon 2011) (defining "intoxicated" as having an alcohol concentration of 0.08 or more). To prevail at the license-suspension hearing, the Department was required to prove by a preponderance of the evidence that (1) Stowers had an alcohol concentration of .08 grams or greater while operating a motor vehicle in a public place, and (2) Officer Stilman had "reasonable suspicion to stop" Stowers or Sergeant Casares had "probable cause to arrest" her. *See* TEX. TRANSP. CODE ANN. § 524.035(a)(1)(A), (2) (Vernon 2013); *see also* TEX. PENAL CODE ANN. § 49.01(2)(B).

Stowers's complaint centers on the first element: whether the Department showed that she had a blood-alcohol concentration of .08 or greater. Stowers does not dispute that the laboratory results, as reflected in the Forensic Alcohol Analysis Report, admitted into evidence as a public record, showed that her blood-alcohol concentration was over .08 grams. Instead, Stowers asserts that the Department

8

did not meet its burden to establish the blood-alcohol concentration element because it did not offer evidence to show that her blood had been drawn in compliance with section 724.017 of the Transportation Code. That statute provides,

> (a) Only the following may take a blood specimen at the request or order of a peace officer under this chapter:
>
> (1) a physician;
>
> (2) a qualified technician;
>
> (3) a registered professional nurse;
>
> (4) a licensed vocational nurse; or
>
> (5) a licensed or certified emergency medical technician-intermediate or emergency medical technician-paramedic authorized to take a blood specimen under Subsection (c).
>
> (a-1) The blood specimen must be taken in a sanitary place.

TEX. TRANSP. CODE ANN. § 724.017 (a), (a-1) (Vernon Supp. 2014).

Stowers points out that the Department did not offer evidence at the administrative hearing to establish that her blood had been drawn by a qualified person in a sanitary place. *See id.* She asserts that the Department was required to show compliance with section 724.017 as part of its burden to establish her blood-alcohol concentration.

9

Stowers intimates that the ALJ's decision to uphold the Department's suspension of her driver's license, based on its finding that her blood-alcohol concentration of 0.08 grams or greater, violated section 724.017 and prejudiced her "right to a hearing in which the Department was required to prove compliance with the blood specimen statute."[5]  *See* TEX. GOV'T CODE ANN. § 2001.174(2)(A) (providing that reviewing court must reverse or remand a case for further proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" are . . . in violation of a constitutional or statutory provision").  Stowers also asserts that, because the Department did not show compliance with section 724.017, the ALJ's decision to uphold the suspension of her license was not supported by substantial evidence. *See id.* § 2001.174(2)(E) (providing that ALJ decision may be reversed if not supported by substantial evidence).

Stowers fully acknowledges that she agreed that the laboratory analysis document, showing her blood-alcohol concentration, could be admitted into

---

[5]     In her brief, Stowers questions whether the ALJ's "finding that [Stowers's] blood specimen was lawfully taken–without requiring the Department to comply with § 724.017 of the Texas Transportation Code and produce information or evidence as to how or where the specimen was collected–was supported by substantial evidence.  However, the ALJ made no express finding that that the specimen was lawfully taken.  We construe Stowers's statement to refer to the ALJ's finding that "[Stowers] was operating a motor vehicle in a public place, Harris County, Texas, with an alcohol concentration of 0.08 grams or greater of alcohol as determined by Defendant's submission to a blood test as requested."

10

evidence under the public records exception to the hearsay rule. Stowers claims, however, that to preserve her complaint regarding non-compliance with section 724.017, she was not required to timely object. We disagree.

We acknowledge that courts have held that establishing the components of Transportation Code section 724.017 are a necessary predicate for the State's admission of evidence regarding a person's blood-alcohol concentration. *See, e.g., Garcia v. State*, 112 S.W.3d 839, 848 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that, for evidence of blood-alcohol concentration to be admissible, there must be evidence showing compliance with section 724.017); *Cavazos v. State*, 969 S.W.2d 454, 456 (Tex. App.—Corpus Christi 1998, pet. ref'd) (holding that it was error to admit blood sample taken by phlebotomist without evidence showing he was a qualified technician under section 724.017); *see also State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011) (J., Cochran, concurring) (explaining that, when it seeks to admit blood-alcohol concentration evidence at trial, the State, as proponent of evidence, must fulfill all required evidentiary predicates and foundations, including those of section 724.017). However, none of foregoing cases, nor any cited by Stowers, stands for the proposition that a timely objection is not necessary to preserve a complaint regarding non-compliance with section 724.017. To the contrary, courts in criminal cases have held that a failure to timely object to non-compliance with section 724.017 results in a forfeiture of

11

that right for appeal. *See, e.g., Wininger v. State*, No. 14–12–01161–CR, 2014 WL 2048421, at *3 (Tex. App.—Houston [14th Dist.] May 15, 2014, no pet.) (mem. op., not designated for publication) (holding that appellant's complaint regarding admission of blood-alcohol test results was not preserved when objection was first raised after parties had rested during closing argument); *Herring v. State*, No. 05-08–01699–CR, 2010 WL 1713639, at *2 (Tex. App.—Dallas Aug. 25, 2010, pet. ref'd) (mem. op., not designated for publication) ("Because Herring failed to timely object to the use of the affidavit and the related blood test results, she waived any objection to the admission of these documents, including any complaint under section 724.017 of the transportation code about the qualifications of the person who conducted the blood draw."). As we have recognized in criminal cases, "It is well established that almost every right, constitutional and statutory, may be waived by failing to object." *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

We are mindful that the legislature has defined a driver's license suspension proceeding as being "a civil matter." TEX. TRANSP. CODE ANN. § 724.048(a)(1) (Vernon 2011). Nonetheless, the Supreme of Texas has made clear that how issues are resolved in criminal drunk driving cases may influence how the issue is resolved in a civil driver's license suspension proceeding.

In *Mireles v. Texas Department of Public Safety*, Mireles argued that his breath-test results, indicating he was legally intoxicated, were no evidence of intoxication because the Department had not offered extrapolation evidence. 9 S.W.3d at 130. The supreme court noted, "The license-suspension statute serves the remedial purpose of protecting public safety by quickly removing drunk drivers from the road." *Id.* at 130–31 (citing *Ex parte Arnold*, 916 S.W.2d 640, 642 (Tex. App.—Austin 1996, pet. ref'd)). The court continued,

> This purpose would be thwarted if the driver's license suspension statute were interpreted to impose a more stringent evidentiary standard than that required to prosecute criminal drunk-driving charges. In the criminal context, Texas courts have determined that unextrapolated breath-test results, even though obtained after a lag time between driving and administration of the test, are probative evidence for the trier of fact to consider and weigh.

*Id.* at 131.

Similarly, if we were to hold that a suspected drunk driver could raise, on appeal, the Department's lack of section 724.017 compliance evidence, without first making a timely objection, then we would be giving the driver more rights than she has in a criminal drunk driving case in which she must object to the lack of such evidence to preserve her complaint. As in *Mireles*, to treat the Department more stringently in a civil suspension proceeding than the State is treated in a criminal prosecution would serve to undermine the license-suspension statute's

"remedial purpose of protecting public safety by quickly removing drunk drivers from the road" by potentially protracting the proceeding. *See id.* at 130–31.

The supreme court also explained in *Mireles* that the Transportation Code required only that the Department show that the driver's blood-alcohol level was at or above the legally defined limit in order to support the driver's license suspension. *See id.* The court stated that "[n]othing in the statutory framework specifically mandates extrapolation evidence."

Likewise, although section 724.017 sets out the qualifications for a blood draw, no statutory provision mandates the Department to adduce section 724.017 compliance evidence at the administrative hearing as a component of its required proof to uphold a driver's license suspension. Rather, the legislature has specifically enumerated in Transportation Code section 524.035 that "[t]he issues that must be proved" by a preponderance of the evidence at the administrative hearing for the ALJ to sustain the Department's suspension of driver's license. *See* TEX. TRANSP. CODE ANN. § 524.035. With respect to blood-alcohol concentration, section 524.035 expressly requires the Department to prove, by a preponderance of the evidence, that an adult driver had an alcohol concentration of a level of .08 grams or greater; it requires nothing more. *See* TEX. TRANSP. CODE ANN. § 524.035(a)(1)(A). Section 524.035 contains no requirement that the Department must prove compliance with section 724.017 as a component to sustain the

14

Department's suspension of a driver's license.  *See* TEX. TRANSP. CODE ANN. § 524.035.

In support of her position that the Department must offer proof of compliance with section 724.017 as a necessary component to support a suspension, Stowers relies on *Texas Department of Public Safety v. Hutcheson*, 235 S.W.3d 312 (Tex. App.—Corpus Christi 2007, pet. denied).  There, Hutcheson, who had been arrested for driving while intoxicated, refused to provide a blood sample because he understood that the arresting police officer would draw the blood himself at the police station.  *Id.* at 313.  Because he refused to submit a blood specimen, Hutcheson's driver's license was suspended.  *Id.*  At the administrative hearing, Hutcheson defended against the license suspension by asserting that he had refused to give a blood specimen because the police officer did not seem qualified to draw blood, and the request was made in a jail cell that did not look sanitary.  *See id.*

The Department did not object to Hutcheson's testimony and did not present rebuttal testimony showing that a qualified individual was available to draw the blood in a sanitary place.  *Id.*  The ALJ sustained Hutcheson's driver's license suspension.  *Id.*  Hutcheson appealed, and the district court reversed the ALJ's decision.  *Id.*  The Department then filed an appeal.  *Id.*

The Corpus Christi Court of Appeals affirmed the district court's judgment. *Id.* It held, "Because Officer Whitwell was not an authorized individual and because there is no evidence that he requested an authorized individual carry-out the drawing of Hutcheson's blood specimen, we hold that the Department failed to present substantial evidence that there was an appropriate request." *Id.* at 316.

An important distinction exists, however, between *Hutcheson* and this case. In *Hutcheson*, the issue of section 724.017 was raised by Hutcheson's testimony during the course of the administrative hearing and served as the basis for his refusal to give a blood specimen. As the *Hutcheson* court pointed out, "The Department did not object to Hutcheson's testimony and did not present rebuttal testimony showing that a qualified individual was to draw the blood in a sanitary place." *Id.* at 313. Nothing in *Hutcheson* suggests that the court would have reached the same conclusion had Hutcheson not raised the issue of section 724.017 in his testimony. In contrast, the issue of section 724.017 compliance was not raised during the evidentiary portion of the administrative proceeding in this case. Rather, Stowers did not raise non-compliance until after the close of evidence. Thus, the holding in *Hutcheson* is inapposite to the instant case.

Lastly, Stowers intimates that it would have been futile for her to object to the admission of the Forensic Alcohol Analysis Report, which shows that her blood-alcohol concentration was over the legal limit of .08, because the report was

properly admissible as a public record. She states that the report was properly authenticated pursuant to Rules of Evidence 902 and 1005 and was properly admitted under the public records exception to the hearsay rule found in Rule of Evidence 803(8). However, even though a document may be admissible under the public records exception, portions of the document may nonetheless be rendered inadmissible for noncompliance of another evidentiary rule. *See Griffin v. Carson*, No. 01–08–00340–CV, 2009 WL 1493467, at *4 (Tex. App.—Houston [1st Dist.] May 28, 2009, pet. denied) (mem. op.) (holding that, although accident report was generally admissible under Rule of Evidence 804(8), it may have contained expert opinions that were properly excluded); *Wolfe v. Devon Energy Prod. Co., LP*, 382 S.W.3d 434, 450 (Tex. App.—Waco 2012, pet. denied) ("Rules of Evidence 901 and 902 concern only authentication of evidence and do not concern the admissibility of the content of that evidence."); *Wright v. Lewis*, 777 S.W.2d 520, 524 (Tex. App.—Corpus Christi 1989, writ denied) ("Even though official public records or certified copies thereof may be admissible in evidence, that does not mean that ex parte statements, hearsay, conclusions and opinions contained therein are admissible."). Thus, the lab report's status as a public record did not absolve Stowers from raising a timely complaint regarding section 724.017 non-compliance in order to target the test results contained in the document.

In sum, to preserve the issue of section 724.017 non-compliance, Stowers was required to timely raise that issue during the administrative hearing. Raising the complaint for the first time during closing argument and after the laboratory report had been admitted into evidence did not preserve the complaint. *See* TEX. R. APP. P. 33.1.

We conclude that Stowers has not shown that the ALJ violated section 724.017 by his decision to sustain the suspension of Stowers's driver's license. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(A). We further conclude that the Forensic Alcohol Analysis Report, containing the results of Stowers's blood test, constituted substantial evidence supporting the ALJ's finding that Stowers operated a motor vehicle with an alcohol concentration of 0.08 grams or greater. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E); *see Mireles*, 9 S.W.3d at 132 (holding that breath-test results were substantial evidence supporting ALJ's finding that blood-alcohol concentration exceeded legal limit). We hold that the trial court did not err when it affirmed the ALJ's decision.

We overrule Stowers's first and second issues.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.