

NUMBER 13-14-00085-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                    Appellant,

v.

JESSE ELIZARDE,                                                    Appellee.

**On appeal from the County Court at Law No. 1
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

The Texas Department of Public Safety (the Department), appellant, challenges

the county court at law's order reversing a default order entered by an administrative law

judge (ALJ) which permitted the suspension of appellee Jesse Elizarde's (Elizarde)

driver's license. *See* TEX. TRANSP. CODE ANN. §§ 724.013–.043 (West, Westlaw through 2013 3d C.S.) (governing license suspensions when an arrested individual refused to provide a specimen of breath for testing).[1]  We reverse the county court's judgment and render judgment reinstating the ALJ's default order.

## I. BACKGROUND[2]

The Department suspended Elizarde's license for allegedly refusing to provide a breath sample after he was arrested for driving while intoxicated.  *See id.* § 724.035(a) (providing that the Department shall suspend for 180 days the driver's license of a person who refuses to provide a sample of breath).  Elizarde timely requested an administrative hearing to challenge the suspension.  *See id.* § 724.041.

### A.  Administrative Hearing

The hearing was originally scheduled for March 5, 2013, but Elizarde's counsel requested and received a continuance from the ALJ.  *See* 1 TEX. ADMIN. CODE § 159.207(c) (West, Westlaw through 40 TEX. REG. 358 (2015)) (giving the ALJ discretion to grant continuances and requiring the requesting party to include in the motion three dates on which the parties would be available).  The hearing was reset to May 7, 2013.  On May 6, 2013, Elizarde's counsel filed a second motion for a continuance.  The ALJ granted the motion and continued the hearing to June 4, 2013.  On June 3, 2013, Elizarde's counsel filed a motion requesting a third continuance on the grounds that he had been involved in a jury trial since May 30, 2013.  Both May 7th and June 4th of 2013 were among the alternative dates Elizarde's counsel specified as available in his motions.

---

[1] Unless otherwise indicated, all uses of "chapter" or "section" in this opinion refer to the transportation code.

[2] Elizarde chose not to file a brief to assist us in the disposition of this appeal.

The ALJ denied the third request for a continuance and called the hearing to order on June 4, 2013. Elizarde did not appear in person or by counsel and the Department moved for a default order. *See id.* § 159.213 (West, Westlaw through 40 TEX. REG. 358 (2015)) (providing for the procedure in the event that the person requesting a hearing to challenge the license suspension or denial fails to appear). The ALJ rendered a default order with the following findings and conclusions:

> THE COURT FINDS that the Department timely appeared and announced ready.
>
> THE COURT FINDS that the Defendant had adequate notice of the hearing and failed to appear.
>
> THE COURT FURTHER FINDS that the Defendant's "first" motion to continue this matter is in fact Defendant's THIRD motion to continue, and due to Defendant's lack of diligence, the officer was made to appear twice when Defendant did not intend to appear.
>
> THE COURT FURTHER FINDS that the defendant failed to establish good cause to continue this matter further.

Without filing a motion for rehearing, Elizarde appealed the default order to the County Court at Law no.1 of Cameron County. *See* TEX. TRANSP. CODE ANN. § 524.041(a) (West, Westlaw through 2013 3d C.S.).[3]

## B. Trial Court

Elizarde argued to the county court that it should reverse and render judgment for him because the Department did not present any evidence on the four statutory matters at issue in a hearing governed by chapter 724.[4] The trial court issued an order reciting

---

[3] Chapter 524 governs appeals from revocation hearings governed by chapter 724. TEX. TRANSP. CODE ANN. § 724.047 (West, Westlaw through 2013 3d C.S.).

[4] The four matters at issue in a hearing under chapter 724 of the transportation code are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

3

that "[a] review of the State Office of Administrative Hearings Transcript evidences there was no reasonable basis for the Administrative Law Judge's decision when no evidence admitted,"[5] and reversed the default order.  The Department now appeals.

## II. DISCUSSION

By three issues, which we address as four, the Department asserts:  (1) the county court lacked jurisdiction because Elizarde did not exhaust his remedies before appealing; (2) the county court erred when it overturned the default order because the Department did not present evidence on the merits of its case; (3) the county court erred by impliedly holding that the ALJ abused its discretion by denying Elizarde's third request for a continuance and entering a default order; and (4) the trial court erred to the extent that it rendered judgment for Elizarde.[6]

### A. Standard of Review

Courts apply the substantial evidence standard when reviewing an ALJ's decision on a driver's license suspension.  *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131

---

(2)  probable cause existed to believe that the person was

  (A)  operating a motor vehicle in a public place while intoxicated;

  (B)  Operating a watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above while intoxicated;

(3)  the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)  the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANSP. CODE ANN. § 724.042 (West, Westlaw through 2013 3d C.S.).

[5] The phrase "no evidence admitted" was handwritten by the trial judge on an order signed by the court.

[6] In light of our disposition of the Department's second issue below we do not need to reach the Department's third or fourth issues.  However, we note that the trial court's order only recites that "IT IS ORDERED, ADJUDGED and DECREED that the Administrative Law Judge's Order is REVERSED," but makes no mention of rendering judgment for Elizarde.

(Tex. 1999) (per curiam). Under this standard, a reviewing court may not substitute its judgment for that of the ALJ and must affirm the ALJ's decision if it is supported by more than a scintilla of evidence. *Id.* The issue is not whether the ALJ made the correct decision, but whether there is some reasonable basis in the record for the ALJ's action. *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2002, pet. denied). We review the trial court's substantial evidence review de novo. *Id.*

Statutory construction is a question of law that we also review de novo. *Tex. Dep't of Pub. Safety v. Hutcheson*, 235 S.W.3d 312, 314 (Tex. App.—Corpus Christi 2007, pet. denied). When a statute's language is clear and unambiguous we will read the language according to its common meaning without resorting to rules of construction or extrinsic aides. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014).

## B. Exhaustion of Remedies

The Department first argues that the trial court lacked jurisdiction because Elizarde did not exhaust his administrative remedies by filing a motion for rehearing to set aside the ALJ's default order.

Generally, a party must exhaust all available administrative remedies before seeking judicial review of an agency order or else the court has no jurisdiction. *State v. Fid. & Deposit Co. of Md.*, 223 S.W.3d 309, 311 (Tex. 2007); TEX. GOV'T CODE ANN. § 2001.171 (West, Westlaw through 2013 3d C.S.) ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter"). One of the remedies a plaintiff must exhaust is a motion for rehearing. TEX. GOV'T CODE ANN. § 2001.145(a) (West, Westlaw through 2013 3d C.S.) (providing that "[a] timely motion

for rehearing is a prerequisite to an appeal in a contested case" and mentioning two exceptions which are not relevant here).

Section 724.044(2) provides that a person who requests a hearing but fails to appear without good cause waives the right to a hearing "and the Department's suspension is final and may not be appealed." TEX. TRANSP. CODE ANN. § 724.044(2) (West, Westlaw through 2013 3d C.S.). In that case, the ALJ shall enter a default order. 1 TEX. ADMIN. CODE § 159.213(a). Within ten business days of the date of the default order, the person who requested the hearing "may" file a motion seeking to set aside the default order on the grounds that the challenger had good cause for failing to appear. *Id.* § 159.213(b). The Department argues that even though section 159.213(b) uses permissive language, the procedure is still an available administrative remedy that Elizarde was required to exhaust before appealing the default order. *See* TEX. GOV'T CODE ANN. § 2001.171.

We disagree. Section 524.041, which governs appeals from hearings held under chapter 724, provides that "[a] person whose driver's license suspension is sustained may appeal the decision by filing a petition not later than the 30th day after the date the administrative law judge's decision is final. The administrative law judge's final decision is immediately appealable without the requirement of a motion for rehearing." TEX. TRANSP. CODE ANN. § 524.041(a). Section 159.213 of the administrative code does not use the words "motion for rehearing" but nevertheless provides for that very procedure: a motion which brings a claimed error to the attention of the ALJ and both permits the ALJ to correct the error and gives the Department notice that it must potentially defend the ALJ's order in court. *See Tex. Dep't of Pub. Safety v. Friedel*, 112 S.W.3d 768, 771 (Tex.

6

App.—Beaumont 2003, no pet.) (observing that the procedure provided for setting aside a default order is "a motion for rehearing grounded on good cause"); *see also BFI Waste Sys. of N. Am., Inc. v. Martinez Envtl. Group*, 93 S.W.3d 570, 578 (Tex. App.—Austin 2002, pet. denied) (describing the purposes of a motion for rehearing in the context of an administrative hearing). The Department argues persuasively that an ALJ should be permitted the first opportunity to correct its mistakes in the same fashion as a trial judge, but we cannot ignore the plain language of section 524.041(a).[7] *See Crosstex*, 430 S.W.3d at 389. The statute states that unless the suspension is overturned the person who requested the hearing may appeal "without the requirement of a motion for rehearing." TEX. TRANSP. CODE ANN. § 524.041(a). Applying the plain language of this statute, we conclude that a motion for rehearing is not a prerequisite to an appeal of an ALJ's final order in a proceeding governed by chapter 524. *See Tex. Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 930 (Tex. App.—Waco 1996, writ denied) (observing that under the predecessor statute[8] to section 524.041(a) a motion for rehearing is not a prerequisite to an appeal of an ALJ's final order in a license-revocation hearing), *abrogated on other grounds*, *Tex. Dep't of Pub. Safety v. Barlow*, 992 S.W.2d 732, 740–41 (Tex. App.—Waco 1999); *see also Tex. Dep't of Pub. Safety v. Lara*, No. 13-01-00523-CV, 2002 WL 31440146, at *2 (Tex. App.—Corpus Christi Oct. 3, 2002, no pet.) (mem.

---

[7] Our disposition of this case does not indicate any disagreement with the State's argument that a motion for rehearing is the preferred means of setting aside a default order. The procedure conserves the time and resources of the both the courts and the person requesting the hearing. Nothing in this opinion should be taken as encouragement to bypass the motion for rehearing procedure.

[8] The predecessor statute provided in relevant part: "[t]he decision of the administrative law judge is final when issued and signed and immediately appealable without the requirement of a motion for rehearing." Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 14, sec. 7(p), 1993 Tex. Gen. Laws 3515, 3527 *repealed by* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 5.22(b), 1995 Tex. Gen. Laws 458, 488 (current version at TEX. TRANSP. CODE ANN. § 524.041(a) (West, Westlaw through 2013 3d C.S.)).

op.) (reversing a trial court's order vacating an ALJ's default order without indicating whether the person challenging the suspension filed a motion for rehearing). We overrule the Department's first issue.

## C. Did the Trial Court Err in Reversing the Default Order?

By its second issue, the Department argues that the trial court erred in reversing the default judgment because the Department did not first present evidence of the merits of its case to the ALJ. We agree.

The general rule for a post-answer default judgment is that "a trial court may not render judgment on the pleadings" and the party seeking the judgment "is required to offer evidence and prove all aspects of its claim." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). However, in an administrative hearing governed by chapter 724, the person challenging the suspension or denial of a license waives the right to a determination on the merits by failing to appear without good cause. TEX. TRANSP. CODE ANN. § 724.044(2); *see Friedel*, 112 S.W.3d at 771 ("A default order of an administrative agency disposes of an issue without regard to the underlying merits."). In such a case, the ALJ may only decide whether the person who requested the hearing had good cause for not appearing, TEX. TRANSP. CODE ANN. § 724.044(2), and the trial court judge was under the same limitation. *Id.* § 524.043(a) (West, Westlaw through 2013 3d C.S.) ("Review on appeal is on the record certified by the State Office of Administrative Hearings with no additional testimony"); *see Lara*, 2002 WL 31440146, at *2 ("The trial court's review here was restricted to the limited administrative record developed through three motion hearings and entry of the default order."). We accordingly conclude that the trial court erred by requiring the Department to present evidence on the merits of its case.

8

We sustain the Department's second issue. In light of our disposition of the Department's second issue, we need not reach the Department's third or fourth issues. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the judgment of the trial court and render judgment reinstating the ALJ's default order.

NORA L. LONGORIA
Justice

Delivered and filed the
19th day of March, 2015.